Jacobs v. Morange.

## AARON JACOBS *v.* HENRY H. MORANGE.

Where the review and reversal of a judgment by the ultimate appellant tribunal was a nullity, because the appeal was not taken in a way that entitled the Court to hear it, but for which the appellant was not responsible,—*Held*, after nine years of acquiescence and repose by the party who recovered the original judgment, that he would be restrained by a Court of Equity from enforcing it, unless he consented that an appeal might then be brought with the same effect as if it had been brought within the time prescribed by law.

Where a Court has not jurisdiction of the subject matter, the consent of parties will not confer it; but a consent that an appeal may be brought after the time has elapsed for bringing it, is not liable to that objection. The appellate Court having the general power to review judgments upon appeal, such a consent does not confer it, but it is a mere waiver of the right to insist that the time has passed for bringing the appeal.

The extent to which a Court of Equity will go in staying proceedings upon judgments,—commented upon and considered.

APPEAL by the defendants from an order at Special Term denying a motion to dissolve an injunction. The facts are fully stated in the opinion of the Court.

*Henry H. Morange,* for appellant.
*Alex. Kershaedt,* for respondent.

BY THE COURT.—DALY, F. J.—This is an appeal from an order denying a motion to dissolve an injunction.

The plaintiff, Jacobs, as the assignee of Leonora Rohman, brought an action in the Marine Court in the year 1855, against the defendant Morange, to recover the amount of a judgment, which Mrs. Rohman had obtained against the sheriff, and which Morange had collected as her attorney. Morange set up a counter-claim for professional services, and a judgment was rendered in his favor for sixty-six dollars. From this judgment, as entered up by the justice, Jacobs appealed to this Court; this Court having decided (*Norris* v. *La Farge*, 3 Abb. R., 314, n.), that under the peculiar phraseology of the Code, the appeal from the Marine Court to this Court must be from the judgment of the Justice, and that no appeal would lie from a judgment of the General Term of the Marine Court. The plaintiff therefore brought the appeal in the only way in which, according to the decision of this Court, it could then be brought. It was heard before the General Term upon the merits; the defendant Morange arguing it in person, and after full consideration we decided that the judgment should be reversed with costs, upon the ground that it was not warranted by the evidence; and as the defendant Morange paid the costs, no judgment of reversal was entered.

Eleven months afterwards, the Court of Appeals decided (*The People on rel. of Debenetti* v. *Gale, Clerk of the Marine Court*, 13 How. Pr. R., 260) that the decision of this Court was erroneous, and that we had no power to hear an appeal from a judgment of the Marine Court until an appeal was first heard and determined by the General Term of that Court. By this decision all the proceedings in this Court upon the appeal from this judgment were *coram non judici* and void, and as the time had then gone by within which the plaintiff could have appealed to the General Term of the Marine Court, he lost, without any fault on his part, the right to have the judgment reviewed in the only mode in which, by the decision of the Court of Appeals, it could be reviewed.

Nine years afterwards, the defendant Morange, upon an affidavit that an execution upon the judgment had been returned unsatisfied, and that it had remained unpaid, obtained an order supplementary to execution from a Judge of this

Jacobs v. Morange.

Court for the examination of the plaintiff Jacobs, upon which Jacobs brought the present action to enjoin Morange from proceeding to enforce the judgment, and an injunction to that effect having been obtained, Morange made a motion at the Special Term to dissolve it, which motion was denied.

This is a peculiar case. It is not very probable that any case like it, or even analogous to it, will be found, in which the aid of a Court of Equity has been asked. But the grounds upon which Courts of Equity stay proceedings at law upon judgments are of a broad and comprehensive character. The occasions upon which an injunction may be obtained for that purpose are, to use the language of STORY, " almost infinite in their nature and circumstances," and this case, in my judgment, presents one of them.

This Court was the tribunal of last resort to which the defendant could appeal from the judgment against him in the Marine Court. He might have appealed to the General Term of that Court, but if he had, and the judgment had been affirmed there, he would, according to our decision, have cut himself off from any appeal to this Court. He did, therefore, what was done in nearly all cases at that time, viz : brought his appeal directly to this Court, within twenty days after the recovery of the judgment. Being a Court of superior jurisdiction, and the general appellate tribunal of the Marine Court, he wished to have the benefit of its revision and judgment, and brought his appeal here in the only mode, according to our decision, in which it could be brought. The defendant, who is a lawyer, appeared upon the appeal, and argued it. He availed himself of the opportunity of presenting to the Court his views in support of the correctness of the judgment. The Court at a subsequent term expressed its unanimous opinion that the judgment was wrong, and ought to be reversed, and he, by paying the costs of the appeal to prevent the entry of a judgment of reversal, acquiesced in the validity and finality of the proceedings, and now, after nine years of repose, during which interest has been accumulating upon the judgment, he institutes proceedings to enforce it.

The power which the Court of Chancery assumed of staying proceedings upon judgments at law, in proper cases, by injunction, had its foundation in the interdict of the Roman law

which was introduced to prevent the undue exercise of rights (Instit., Lib. 4, tit. 15, § 18; Story's Equity Jurisprudence; § 868), and the general rule deducible from the exercise of this peculiar and delicate jurisdiction, was comprehensively stated by Chief Justice MARSHALL in these words : " Without attempting to draw any precise line to which Courts of Equity will advance, and which they cannot pass, in restraining parties from availing themselves of judgments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment and of which the injured party could not have availed himself in a court of law, or, of which he might have availed himself · at law, but was prevented by accident or fraud, unmixed with any fault or negligence on his part, or that of his agent, will justify an application " (*The Marine Insurance Company of Alexandria* v. *Hodgson*, 7 Cranch, 332; and see to the same effect, *Truly* v. *Wanzer*, 5 How. U. S. R., p. 141;.Story's Equity Jur., §§ 887, 885). The grounds upon which this case may be said to rest to bring it within this rule are : First, that the judgment is erroneous; second, that it is not in the plaintiff's power to get it reversed at law; and third, that his inability to do so has not arisen from any fault or negligence on his part.     In *Jarvis* v. *Chandler*, (1 Turn. and Russ., 319), the sentence of an Admiralty Court was stayed by an injunction where it appeared that new evidence had been discovered at a period when, by the practice of the Admiralty Court, it could not be received ; and though a Court of Equity will not relieve against a judgment unconscientiously obtained, where a party has, through his negligence, lost the opportunity of moving for a new trial (*Dodge* v. *Strong*, 2 Johns. C. R., 228 ; *Smith* v. *Lowry*, 1 Id., 320), yet it seems that it would be otherwise if he had no opportunity to move for a new trial in the Court where the judgment was rendered (*Knifony* v. *Hendricks*, 2 Gratton's R., 212) ; and where a defendant in a judgment lost his remedy by appeal, because he could not get sureties to prosecute it, being a stranger, it was held that relief would be granted in equity (*Roberts* v. *Combrel*, 3 Heyw. R., 220).   It is, in the sense of a. Court of Equity, against conscience to enforce this judgment after this Court, the appellate tribunal of the Marine Court, has upon mature consideration, unanimously declared that it was

Jacobs v. Morange.

wrong and ought to be reversed, though the appeal came before us in a mode that did not entitle us to review the judgment, and when it is now beyond the power of the plaintiff to have it reviewed in any shape. It may be said that he ought to have known the law as subsequently expounded by the Court of Appeals; that he ought to have brought his appeal in the first instance, to the General Term of the Marine Court; and if the judgment was affirmed, prosecuted an appeal to this Court, notwithstanding our decision that we would not entertain one. To hold that his omission to do this was, under the circumstances, an act of negligence, which must cut him off from all right to equitable relief, would, in my judgment be going too far.

The injunction, I think, should be sustained and made perpetual, unless the defendant enters into a written consent that the appeal from the judgment may now be brought to the General Term of the Marine Court with the same effect as if it had been brought within thirty days after notice of the judgment, and be heard upon the return made by Justice BIRDSALL upon the appeal to this Court.

Where the Court has not jurisdiction of the subject matter it cannot acquire it by the consent of the parties; but the General Term of the Marine Court has jurisdiction upon appeal from a judgment of that Court, and the time within which the appeal may be brought, is a matter which can be waived (*Heyer* v. *Burger*, 1 Hoff. C. R., 17).

Judgment accordingly.