MARY E. BAGLEY, APPELLANT, *v.* ADELIA A. JENNINGS, RESPONDENT.

*Stipulation extending the time in which an appeal may be taken.*

The parties to an action may, by a written stipulation, extend the time beyond the period prescribed by the statute within which an appeal may be taken from the judgment entered therein.

APPEAL by the plaintiff Mary E. Bagley from an order of the Monroe County Court, entered in the clerk's office of the county of Monroe on the 5th day of March, 1890.

The order appealed from denied a motion, made to dismiss the appeal taken in the above-entitled action to the County Court, on the ground that the appeal was not taken within the time prescribed by the statute.

It appeared that the following stipulation had been signed by the defendant:

MUNICIPAL COURT — CITY OF ROCHESTER.

| MARY E. BAGLEY, APPELLANT, |
| *against* |
| ADELIA A. JENNINGS, RESPONDENT. |

It is hereby stipulated and agreed that the plaintiff herein may have the time allowed for appeal from the judgment granted herein

on the 27th day of December, 1889, in the Municipal Court of the city of Rochester, extended twenty-five (25) days from the 16th day of January, 1890.

And that said twenty-five (25) days shall be considered as an additional time in which plaintiff may serve and perfect her appeal from said judgment.

(Signed.)      ADELIA A. JENNINGS,
*Defendant.*

*John F. Dorothy,* for the appellant.

*Horace McGuire,* for the respondent.

CORLETT, J. :

On the 27th day of December, 1889, a judgment was entered in the Municipal Court of the city of Rochester in favor of the appellant for nine dollars and fifty-five cents damages, and five dollars costs, for rent. The time to appeal from the judgment of the Municipal Court would expire on the 16th day of January, 1890. On that day the defendant made a written stipulation extending the plaintiff's time to appeal twenty-five days. The papers show that the purpose of the stipulation was to enable the parties to settle the controversy by arbitration or otherwise. No settlement was had, and an appeal was taken by the plaintiff within the time limited by the stipulation. The defendant moved to dismiss the appeal on the ground that the notice was not served within the statutory time. The County Court dismissed the appeal, and the plaintiff appealed to this court.

Sections 3046 and 3047 of the Code of Civil Procedure limit the time for an appeal in a cause like this to twenty days from the entry of judgment. This limitation was primarily for the benefit of the parties affected by the judgment. The legislature imposed upon the parties desiring to appeal the duty of vigilance, and unless he perfected an appeal within the statutory time, his right to review was lost.

The learned counsel for the respondent cites several cases showing that the court has no power to extend the time to appeal. But he cites no case showing that it is not within the power of the parties to stipulate for an extension of time. It has frequently been held

that a party may waive the right to insist that the appeal was not taken in time. (*Pearson* v. *Lovejoy*, 53 Barb., 407; *Stubbs* v. *Stubbs*, 11 Week. Dig., 244; *Pickersgill* v. *Read*, 7 Hun, 636, *Durant* v. *Abendroth*, 41 Supr. Ct., 53.)

In *Jacobs* v. *Morange* (1 Daly, 523) it was held that, "where a court has not jurisdiction of the subject-matter, the consent of parties will not confer it; but a consent that an appeal may be brought after the time has elapsed for bringing it, is not liable to that objection. The appellate court having the general power to review judgments upon appeal, such a consent does not confer it, but is a mere waiver of the right to insist that the time has passed for bringing the appeal."

To the same effect is *Struver* v. *Ocean Insurance Company* (9 Abb. Pr., 23), where it was held that giving admission of due service of notice of appeal is a waiver of the objection that it was not served within the time to appeal.

It is a familiar rule that a party may waive a statutory, or even a constitutional provision, for his own benefit, and having done so, he is concluded. (*Matter of Application of Cooper, etc.*, 93 N. Y. 507–512.)

In *Staats* v. *Garrett* (21 Weekly Dig., 39) a stipulation was given to the appellant of time to serve his case. Upon a motion to dismiss the appeal, *because not taken in time*, it was held that an extension of time to serve the case was a waiver of the notice of entry of judgment, and that the appeal was well brought. This was affirmed in 98 New York, 630.

In *Townsend* v. *The Masterson, etc., Stone Dressing Company* (15 N. Y., 587) it was held that a stipulation made between the parties that no appeal should be taken from the decision of the General Term, was valid, and the appeal was dismissed on that ground.

In the *Matter of the Petition of Lackawanna Railroad Company, Appointing Commissioners, etc.* (98 N. Y., 453), the court say: "Parties by their stipulations may, in many ways, make the law for any legal proceeding to which they are parties, which not only binds them, but which the courts are bound to enforce. They may stipulate away statutory, and even constitutional rights; they may stipulate for shorter limitations of time for bringing actions, for

the breach of contracts, than are prescribed by the statutes, such limitations being frequently found in insurance policies. They may stipulate that the decision of a court shall be final and thus waive the right of appeal, and all such stipulations not unreasonable, not against good morals or sound public policy, have been and will be enforced, and generally all stipulations made by the parties for the government of their conduct or the control of their rights in the trial of a cause, or the conduct of a litigation, are enforced by the courts."

The learned county judge fell into the error of supposing that the cases which control his decision included stipulations made between parties. This was a misapprehension. In this case the parties wished time to see if they could stop further litigation by settlement, and it was stipulated to extend the right to appeal, so that in case no adjustment was effected no rights would be lost. This was neither against good morals or sound public policy, and when after that, a party to the stipulation seeks to prevent its enforcement the court will not listen to him.

The County Court has full power and jurisdiction to hear and determine appeals on their merits, and while neither the court or a party, without the consent of the other, can extend the time to appeal prescribed by statute, yet, where they stipulate an extension, they simply determine between themselves the time when the controversy should be submitted to the appellate court, and the statute in no way abridges the power of the parties to extend the time by stipulation. The reasoning of all the cases sustain this view.

It follows that the order appealed from should be reversed.

DWIGHT, P, J., and MACOMBER, J., concurred.

Order of the County Court reversed, with ten dollars costs and disbursements.