A supreme court decree directing a guardian to apply the entire income of the ward's estate, and the income of a fund held in trust for her, to be used for her maintenance, applies to the guardian's successor in office; and he is entitled to credit for disbursements made thereunder, even though he be the ward's parent.

2. SAME—ACCOUNTING—PRODUCTION OF VOUCHERS.

Disbursements made by a guardian under direction of a decree are not subject to the statutory provisions in respect to vouchers and proofs necessary to the allowance of a guardian's expenditures.

3. SAME—ADVANCEMENTS TO WARD—REPAYMENT.

Where a guardian advanced money for his ward under her agreement to repay it, and on coming of age she received the articles purchased therewith, and treated them as her own, the guardian was entitled to credit for the advancement in his final account.

4. SAME—EXPENDITURES—ACTUALITY.

A guardian is not entitled to credit in his final account for expenses incurred in behalf of the ward, before he has actually paid them.

5. REFERENCE—EXCEPTIONS TO REPORT—SUFFICIENCY.

An exception that the referee failed to find certain clerical errors in an account, which does not point out such clerical errors, is insufficient.

Application to compel a final judicial settlement of the accounts of James Neale Plumb as general guardian of Marie J. Plumb. Heard on exceptions filed to the report of a referee appointed to pass on the accounts, and on objections filed to them.

Turner, McClure & Rolston, for petitioner.

Vanderpoel, Green & Cuming (Henry Thompson, of counsel), for respondents.

FITZGERALD, S. The questions presented for decision in this matter arise upon the exceptions filed to the report of the referee who was appointed to pass upon the accounts of the guardian of the petitioner, and of the objections which she filed to the same. The petitioner was at the times hereinafter mentioned, and still is, entitled to the income of an estate held in trust for her benefit, and was during her minority also the absolute owner of certain personal property which had been in the hands of her previous guardian, and which came to the possession of his successor, who is the respondent now accounting. Before the appointment of the latter, who is the father of the petitioner, and during the continuance in office of his predecessor, a decree was duly made in an action in the supreme court, by which, and the order subsequently entered amending it, the whole of the net income of the trust estate and of her personal property was required to be paid to her father, to be used by him for her support and maintenance. All the necessary persons were parties to the action mentioned, and the effectiveness of the judgment therein, embodying the requirement mentioned, is not questioned. The exceptant, however, claims that the appointment of the father as guardian, which was made before the period covered by this accounting, superseded, and rendered inoperative thereafter,

the direction contained in the decree for the payment and application of the income, and insists that he should therefore be treated upon this accounting as if no such direction had been given. The decree and the amending order above referred to, together with another decree or order subsequently made in the premises, contain special provisions in regard to accounting therefor by the recipient of the income. None of the parties, however, has claimed that such provisions prescribe an exclusive method for such accounting, or has questioned the jurisdiction of this court to entertain the same.

The main contention of the petitioner is that the aforesaid direction given to the trustees and the then acting guardian was supplanted by, and ceased to operate after, the appointment of the respondent as guardian. If this were so, it would be incumbent upon the latter to account for and justify his action as to the matters which are now the subject of inquiry in the same manner in all respects as if it were wholly and exclusively the result of the exercise of the functions of a guardian appointed by this court. I do not think that this is a correct view of the matter. There was nothing, necessarily or reasonably regarding the matter, at all incompatible in the appointment of such guardian with the continued existence and operation of the direction mentioned. When the change took place in the guardianship, it seems to me that the new guardian came under the operation of the provisions of the decree and orders that controlled the former guardian, and that by such change those provisions lost none of their force or vitality. They authorized the respondent, upon receiving the same, to apply the whole of the income of his ward for her benefit. In now accounting for such income the guardian is entitled to credit for the disbursement of the same, if it has, within the meaning of, and for the purposes contemplated by, the judgment and orders mentioned, been expended for the use or benefit of the petitioner. In this connection, reference to such of the exceptions as pertain to the absence of vouchers is apposite. The objections filed to the account raised no question, either expressly or impliedly, as to the absence of vouchers. They were wholly addressed to the question of the legality of the use of a part of the principal of the personal estate of the ward, and to the question of the propriety of the allowance of certain enumerated expenditures, which, it is claimed, were unnecessary for her support, maintenance, and education. It has been held that the objections filed to the account of an executor or administrator define the issues to be tried, and that the trial by the surrogate should in such case be confined to such issues. In re Hart, 60 Hun, 516, 15 N. Y. Supp. 239; In re Heuser's Estate, 87 Hun, 264, 33 N. Y. Supp. 831. This rule might be appealed to to preclude the petitioner from availing herself of the exception in question, and this entirely irrespective of the prevalent doubt of the power of the surrogate to allow a credit for a disbursement upon the accounting of an executor, administrator, or guardian, except under the circumstances, and upon the production of the proof, prescribed by the statute. In re Gerow's Estate (Surr.) 23 N. Y. Supp. 847, 851; In re Langlois' Estate (Surr.) 14 N. Y. Supp. 146; In re O'Brien, 5 Misc. Rep. 140, 141, 25 N.

Y. Supp. 704; Rose v. Rose, 6 Dem. Sur. 26; Tickel v. Quinn, 1 Dem. Sur. 431; Elmore v. Jaques, 60 N. Y. 610; Voessing v. Voessing, 4 Redf. 367. It has been decided that a person otherwise competent may, in civil cases, waive a benefit or immunity secured to him by constitutional or legislative enactment. In re Cooper, 93 N. Y. 507; In re U. S., 67 How. Prac. 129; In re Spuyten Duyvil Parkway, Id. 342, 343; Bagley v. Jennings, 58 Hun, 56, 11 N. Y. Supp. 386; Cancemi v. People, 18 N. Y. 135, 136; Foley v. Royal Arcanum, 151 N. Y. 202, 45 N. E. 456. Why such a person cannot, either expressly, or by his attitude or action in a proceeding of this character, effect the same result, and waive his right to the production of vouchers, it is difficult to perceive. The views which I am about to express make it, however, unnecessary to pass upon this question. In this case there is, no doubt, in many instances, a lack of the vouchers, and of the evidence in respect to payments unsupported by vouchers, which the statute requires in the case of one who is accounting for moneys simply held and disbursed by him solely by virtue of his office as guardian. This, however, is not the situation of the guardian now accounting. He was acting under the sanction and requirements of a judgment of the supreme court, which, from their very nature, excluded the idea that either he or his predecessor in office was subject to the provisions of the statute in respect to the vouchers or proofs necessary to the allowance of a payment made by an executor, administrator, or guardian. The judgment authorized the expenditure of the whole income of petitioner's estate for her benefit. The referee is evidently correct in holding, and the magnitude of the expenditure authorized by the judgment shows, that the objects and purposes for which he has found that the income was disbursed were, having due regard to the social standing and circumstances of the petitioner and the extent of her estate, fairly within the scope and intent of such authority. Besides questioning the propriety of the expenditures, the contestant claims that in many instances none have been actually made. The evidence on the part of the respondent, except in the instances where I have otherwise indicated, is to the contrary, and the referee has found the fact in accordance with such evidence. It is the practice of this court not to disturb such a finding when supported by evidence, although it may be conflicting. In re Odell (Surr.) 4 N. Y. Supp. 463; In re Eisner (Surr.) 5 N. Y. Supp. 30. The application of this rule necessitates the confirmation of the report as to such items of expenditure made from the income as are not hereinafter otherwise disposed of.

The brief of the contestant, in considering his exception to the ninth finding of fact, treats the finding as if it referred to certain items and vouchers, to which, with the exception of those represented by voucher 4334, it has no relation whatever. The finding is sustained. The exception to the eleventh finding of fact is overruled, as it is too indefinite, in omitting to indicate the other clerical errors which the exceptant claims the referee erroneously failed to find. The item of $27.13 in voucher 2113, mentioned in the eighteenth finding of fact, while properly allowed by the ref-

eree, was for wine, and not for the purpose mistakenly stated by him. In view of the disposition hereinafter made of the exceptions as to crediting the guardian with such part of the principal of the personal estate of the ward as was used in the purchases made for the Osborn and Norfolk houses, the exception to this finding is, with the exception of the items under date of August 10, 1887, in voucher 4289, overruled. Those items are disallowed. For the same reason as that stated in respect to the eighteenth finding, the twenty-fourth finding of fact of the referee is sustained, except as to the item of interest, which should be, as the voucher (3698) and the evidence show, $24.16, instead of $37.40. The referee properly allowed the disbursements referred to in the fifty-second finding of fact. As I do not regard the fifty-third finding of fact as a material finding, I have not considered the evidence in regard to it. The fifty-fourth and fifty-sixth findings of fact are sustained for reasons adverted to in passing upon the twenty-fourth finding. The date of bill mentioned in the sixty-fifth finding as voucher 4328 should be February 25, 1888, instead of February 25, 1887. With this correction, the finding is sustained. In respect to the family expense account, with which the seventy-fifth finding of fact deals, the vouchers used in support of the disbursements are not vouchers of such a character as a guardian would ordinarily be required to supply; but in view of what has been previously said as to the peculiar situation of the guardian, and his exemption from the strict requirements of the statute in respect to vouchers, these so-called vouchers, when taken in connection with the evidence presented, are sufficient to support the finding of the referee in respect to them and the items to which they relate. It seems that the vouchers mentioned in this finding as Nos. 3623a, 3817a, and 3840a should be vouchers 3523a, 3819a, and 3849a. So much of the exception to the seventy-sixth finding of fact as relates to the care of the children, and the maintenance of the family establishment, the keeping of the family together, and the expenditure of the income of the contestant in accordance with the provisions of the supreme court decrees for her benefit, is overruled. As to the other matters mentioned in the exception, I have not deemed it necessary or material to pass upon them. For the reasons assigned by the referee, and upon the facts found by him upon evidence supporting the finding, the guardian is entitled to credit for the moneys withdrawn from the capital of the estate of the ward, and expended in purchasing the property used in the Osborn and Norfolk houses. The findings affected by this ruling are, in addition to findings numbered 18, 24, 54, and 56, previously referred to, the seventh, thirteenth, fourteenth, seventy-fourth, and seventy-seventh. It is shown by the evidence of the respondent that pursuant to the request of petitioner, and upon an understanding with her that she would repay him the same, he advanced about $5,000 (there being no funds of hers then available for the purpose) towards furnishing the Norfolk house. Of course, no binding agreement could have been made with petitioner, who was then a minor, in respect to the making of such advance and its repay-

ment; but as the articles purchased with the moneys advanced were, after the ward reached majority, received and accepted by her, or so treated by her as to amount to an affirmance of the transaction, her guardian, as the referee has found, is entitled to recover the amount of the expenditure. This amount evidently enters into and forms part of the sum of $5,176.22 found by the report due to the petitioner, and which is a balance resulting from a comparison and adjustment of the debits and credits of the account herein as settled by the referee. This amount will, of course, have to be altered to correspond with the modifications of the report required by this opinion. The fiftieth and sixty-sixth findings of fact relate to items which have not been actually paid, and for this reason no credit could ordinarily be given the guardian for these amounts. But I have previously said, in concurring with the views of the referee in this regard, that I do not consider the strict requirement of the law relating to the accounting of a guardian, and the production of vouchers, and the necessary proofs in the absence of the latter, applicable to the present accounting. The guardian alone is liable for and obligated to discharge the indebtedness represented by these items, and no circumstances are disclosed by the evidence that in any way imply or indicate that resort might be successfully had to the petitioner for their payment by the parties to whom the guardian is indebted. Reading v. Wilson, 38 N. J. Eq. 446; Rollins v. Marsh, 128 Mass. 116; Nethercott v. Kelly (Super. N. Y.) 5 N. Y. Supp. 259. These credits, with the exception about to be mentioned, are allowed. From the amount credited to the accountant in the sixty-sixth finding there should be deducted £39. 7s. and 6d., as this sum represents an expenditure made for the benefit of the petitioner's sister. The petitioner testifies that the expenditure was so made. This is not denied by the respondent, who merely says that he could not tell how much of the bill in which this item was included was for the benefit of one sister, and how much for the benefit of the other. In respect to the items mentioned in the seventy-eighth finding, which were paid after the filing of the account herein, no objection seems to have been filed to any of them. The exception taken by the contestant to their allowance raises only the question of their payment. The respondent has testified to their payment, and his testimony in this regard is uncontradicted. This finding of the referee is sustained. As a consequence of this disposition of the exception, the seventy-ninth finding, that $49.88 is the balance in the hands of the accountant of the sum of $1,426 collected by him, is correct.

In all respects in which the referee's report does not require modification in pursuance of the foregoing views, it is confirmed. Decreed accordingly.