JAMES FLYNN, RESPONDENT, *v.* EMMA KENNEDY AND ANOTHER, APPELLANTS.

*Sale in partition set aside — premature payment of costs by the referee to the plaintiff's attorney— the plaintiff is not liable to refund the same to the referee — the referee is entitled to his fees — costs are not proper in an interlocutory judgment.*

A referee, appointed to sell certain premises in an action for partition, at the request of the plaintiffs' attorney therein paid to him upon the day of sale his costs, which had been inserted in the interlocutory judgment, and took from the attorney a receipt, in which the latter promised to return said costs if the sale was not confirmed. The payment was in no manner authorized by the plaintiffs in the action. The referee's report was confirmed and final judgment was entered.

Subsequently this judgment was set aside, the purchaser was relieved from his bid, and the referee was directed to restore to him the money paid upon the sale. After doing so he sued the plaintiffs for his fees and disbursements and the costs so paid their attorney.

*Held*, that the referee was entitled to his fees upon the sale and to his proper disbursements.

That the referee could not recover from the plaintiffs the costs thus paid their attorney.

That there was no authority for inserting the costs of the action in the interlocutory judgment.

That sections 1579 and 1580 of the Code of Civil Procedure clearly contemplated that no payments of any nature were to be made until after entry of final judgment.

That, although the report of the referee was confirmed and final judgment was entered, the latter did not protect the referee, by whom the proceeds of sale had

not been received, in his unauthorized payment of the costs under the interlocutory judgment.

That the plaintiffs in the partition suit had a right, if they chose, to contest the question of the value of their attorney's services, and could not be deprived of that right by a premature payment made by the referee to him.

Appeal by the defendants, Emma Kennedy and Henry Kennedy, from a judgment, entered in the office of the clerk of the city and county of New York on the 25th day of July, 1891, in favor of the plaintiff upon the report of a referee.

*E. J. Dooley*, for the appellants.

*E. H. Benn*, for the respondent.

Van Brunt, P. J.:

The defendants in this action, by their attorney, brought an action in the Supreme Court for the partition of some real property in the city of New York. There was no defense, and, upon motion, the plaintiff was appointed referee to take the necessary proofs and to report thereon whether there should be a sale or actual partition.

He took the proofs and made his report, which was confirmed, and he was then appointed referee to sell the land. He published the usual notices, and such notices as the attorney for the plaintiffs directed, and paid the fees and expenses thereof, and in due time sold the land. On the day of sale, and after the purchaser had paid over to the referee, as such referee to sell, ten per cent of the purchase-money, he, at the request and application of the plaintiffs' attorney, advanced or paid over to the attorney the amount of the costs which, in the interlocutory judgment of sale, had been improperly adjudged and awarded to the plaintiffs and took a receipt from said attorney for said sum, which receipt contained the following language : " Which sum I am to return to him in case the purchaser refuses to complete his purchase on or before the 2d of June, 1890." The order confirming said sale and final judgment was made and entered in said action on the 22d of May, 1890 ; and such proceedings were had subsequently that, on the sixteenth of October, upon the motion of the assignee of the purchaser, an order was made relieving said assignee from the bid and purchase made at such sale, and directing said referee to pay to the purchaser or his attorney out of the moneys received by him upon said sale the costs of the motion,

the ten per cent paid on said sale, the auctioneer's and exchange fees, and the amount of the expenses of said attorney on the examination of the title; and said order provided that, in the event that said referee had not sufficient funds to make said payment in full, then the plaintiffs in that action (the defendants in this action) should pay the balance of said sum so remaining unpaid by the referee. On the 25th of October, 1890, the plaintiff, pursuant to such order, paid to the assignee of the purchaser said ten per cent which had been received by him. Thereupon this action was brought by the plaintiff herein against the plaintiffs in the partition action to recover back the costs paid by him to their attorney, the disbursements which had been made by him for publishing notices, etc., and for his fees and commissions upon the sale, the defendants having denied liability for these sums. Upon consent the issues were referred to a referee, who reported in favor of the plaintiff for the whole amount, except his commission upon the sale, and from the judgment thereupon entered this appeal is taken.

We think that the referee was entitled to his fees, having performed all the services under the interlocutory decree of sale which he was called upon to perform. He was also entitled to recover the expenses to which he was put for advertising, etc., they having been incurred at the request of the defendants' attorney in the prosecution of the action, to prosecute which he had been retained by them. But we do not see upon what theory the costs which were paid to the plaintiffs' attorney can be recovered back by the referee. It is true that the interlocutory judgment adjudged that the plaintiffs were entitled to costs, and the amount thereof seems to have been inserted therein, but this was entirely without authority under the Code.

By section 1579 of the Code it is provided that where final judgment confirming a sale is rendered the costs of each party to the action and the expenses of the sale, including the officer's fees, must be deducted from the proceeds of the sale, and each party's costs must be paid to his attorney; and by section 1580 the share of the party must be paid to him or his legal representatives, and not to his attorney of record.

It is clear from the language of these sections that it is not until final judgment confirming a sale is rendered that the costs can be

awarded; and it seems equally clear that such costs cannot be paid until the proceeds of sale are realized, because the provision is that they are to be deducted from the proceeds of sale, and after being deducted each party's costs must be paid to his attorney. Section 1577 determines what a final judgment in a partition suit is. It provides that if the sale is confirmed by the court, a final judgment must be entered confirming it accordingly, directing the officer making it to execute the proper conveyances and take the proper securities pursuant to the sale, and also directing concerning the application of the proceeds of the sale.

Therefore, it seems to be clear that such a final judgment must contain a direction concerning the application of the proceeds of the sale, and that no distribution can be made before the entry of such a final judgment. If it is claimed that such a final judgment was entered in the case at bar, because the sale was confirmed, it may be answered that the proceeds of sale had not been received, as contemplated by the final judgment, and consequently there was nothing from which these costs and expenses could be deducted. We think, therefore, that the referee stands in precisely the same relation towards these defendants as though he had not made these disbursements and was seeking to recover that which he was entitled to recover by reason of his relation to them in the partition action. For the disbursements which he had made in reference to the sale, and for his fees as referee for the services which he had performed, he had a right of action as against the defendants (the plaintiffs in the partition action). But for the costs which he paid out before he was authorized by law so to do we do not see how he has any claim against the plaintiffs therefor.

The plaintiffs had the right to contest the question as to whether their attorney was entitled to any compensation for his services, and they could not be deprived of this right by a premature payment of such costs to such attorney. That the referee looked to the responsibility of the attorney, in reference to this payment, seems to be shown by the language of the receipt, because it is a personal obligation upon the part of the attorney to return the money in case the sale should not be completed.

Much as we would like to relieve the referee from the unfortunate position in which his good nature seems to have placed him, we do

not see upon what principle a recovery for these costs paid by him, without authority, could be had.

We think, therefore, that the judgment must be reversed and a new trial had, with costs to appellants to abide event, unless the plaintiff stipulates to reduce the judgment by the amount of such costs; and in case such stipulation is given, the judgment, as so reduced, should be affirmed, without costs.

DANIELS and INGRAHAM, JJ., concurred.

Judgment modified as expressed in opinion, and as modified affirmed, without costs.