WELLS v. VANDERWERKER et al.

(Supreme Court, Appellate Division, Third Department. November 15, 1899.)

1. JUDGMENT—AMENDMENT.
A judgment rendered at special term will not be amended on motion before a different judge, such motion being, in effect, an effort to review the judgment.

2. APPEAL—COSTS.
An order directing the payment of costs may be properly reviewed on appeal from a final judgment in the action.

3. PARTITION—COSTS—TAXATION BY REFEREE.
Code Civ. Proc. § 1579, authorizing a court, on entry of final judgment confirming a sale in partition to direct that the costs and expenses of any trial, reference, or other proceeding in the action be paid out of the share of any party in the proceeds, does not authorize the taxation of costs in such proceedings by a referee, since such costs are only to be taxed on application for final judgment.

4. SAME—DISCRETION OF COURT.
Code Civ. Proc. § 1579, authorizing a court, on entry of final judgment confirming a sale in partition, to direct that the costs and expenses of any trial, reference, or other proceeding in the action be paid out of the share of any party in the proceeds, does not justify a judgment requiring payment of the costs of the trial of an issue of plaintiff's title in partition, raised by defendant, where plaintiff was successful, out of the entire proceeds of the sale of the land, but such costs should be paid from the share of the proceeds represented by defendants.

Appeal from special term.

Partition by Emeline Wells against Frances Vanderwerker and others. From a judgment requiring payment of costs out of the proceeds of sale of the land, and from an order denying a motion to amend the final judgment, plaintiff appeals. Modified and affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

James H. Bain, for appellant.
L. H. Northrup, for respondents.

MERWIN, J. This action was brought for the partition of certain real estate. It was alleged in the complaint that the plaintiff was the owner in fee of an undivided one-half of the premises, and that the defendants Vanderwerker and Varney, as devisees of Jane Wheeler, deceased, were the owners of the other undivided half, subject to a legacy of $200 to the defendant Slade. The administrator with the will annexed of the said Jane Wheeler, deceased, was made a party defendant. The defendants Vanderwerker, Varney,

60 N.Y.S.—69

and Slade put in an answer denying the ownership of the plaintiff, and alleging, among other things, that Jane Wheeler, at her death, in February, 1896, was seised in fee of all the premises, and that the whole were subject to the debts against the estate of said Wheeler. The issues so raised were referred to a referee to hear, try, and determine. A trial was had before the referee, and he found in favor of the plaintiff that she was the owner of an undivided one-half, and that Jane Wheeler, at her death, was the owner of the other undivided one-half only, and that this passed by the will of said Wheeler to the defendants Vanderwerker and Varney, subject to the legacy of the defendant Slade, and subject to the debts against the estate of the testatrix. The referee also found that a sale of the premises was necessary, and one of his conclusions of law was that the plaintiff was entitled to recover the costs of the action, to be paid from the proceeds of the sale, except that the costs of the trial should be paid by the defendants Vanderwerker and Varney from the proceeds of their respective interests. Thereupon the plaintiff moved at special term for an interlocutory judgment in accordance with the report of the referee. After a hearing, the court confirmed the report of the referee, except that it reserved the question of costs until final judgment; and an interlocutory judgment was granted in the usual form. A sale was made, and thereafter the plaintiff moved at special term for final judgment, and for a confirmation of the report of sale, and for an award of costs pursuant to the report of the referee upon the issues. After a hearing, at which all parties were represented, a final judgment was granted, which, among other things, awarded to the plaintiff the costs of the action, including an additional allowance, and provided that they should be paid from the whole of the proceeds of the sale. Thereafter a motion was made by the plaintiff at special term to amend the final judgment by making it conform, on the subject of the manner of the payment of plaintiff's costs, to the report of the referee by whom the issues were tried. This motion was denied, and the plaintiff appeals.

The final judgment was granted after a hearing of all parties, and its provisions upon disputed questions stand as the decision of the court. The motion to amend was, in effect, an effort to review, and for that reason it was properly denied, as it was made at a special term held by another judge. The appeal from the judgment, however, brings up for review the action of the court on the subject of the plaintiff's costs. The costs in a partition action are said to be in the discretion of the court. Henderson v. Scott, 43 Hun, 22; Weston v. Stoddard (Sup.) 16 N. Y. Supp. 605; Austin v. Ahearne, 61 N. Y. 6, 21. No question, however, is made here as to the right generally of the plaintiff to have costs. The question is whether the costs arising from the trial of the issues should be paid from the proceeds of the sale before division, or whether they should be paid from the shares of those who caused the litigation. The plaintiff claims that the decision of the referee on the trial of such issues should control, while on the part of the defendants it is claimed that the court, on the application for final judgment, had the power to make such order as to costs as to it seemed proper. The referee had no power over the

subject of costs. Flynn v. Kennedy, 62 Hun, 26, 16 N. Y. Supp. 361; Weeks v. Cornwell, 38 Hun, 577. That was a matter to be considered and determined on the application for final judgment (Code, §§ 1577, 1579), and was not a matter within the scope of the intermediate reference; and the action or decision of the referee on that subject was not an effective adjudication. The discretion given by section 1579 to "direct that the costs and expenses of any trial, reference, or other proceeding in the action be paid out of the share of any party in the proceeds" was to be exercised on the application for final judgment, and not before. Assuming that the action of the referee as to costs does not control, still the plaintiff claims that the court, in granting the final judgment, should not have made the costs of the litigation payable from the whole proceeds, but only from the share represented by the unsuccessful litigants. We are inclined to think that the contention of the plaintiff in this regard is correct. No good reason is apparent for requiring the plaintiff's share in the premises to bear one-half of the expense of a litigation in which she was successful. No question is made by the defendants as to the power of the court. It follows that that part of the judgment which provides that the plaintiff's costs shall be paid from the whole of the proceeds should be modified by providing that the plaintiff's costs, except the costs and expenses of the trial, shall be paid from the whole of the proceeds, and that the plaintiff's costs and expenses of the trial be paid from the share of the proceeds represented by the defendants, and that the judgment, as so modified, be affirmed.

Judgment modified as stated in the opinion, and, as modified, affirmed, so far as appealed from, with costs of appeal to the appellant. Order affirmed, with $10 costs and disbursements to respondents. All concur.