FRANCES FREUND (Formerly FRANCES BURNS), Appellant, v. HENRY T. BURNS, Respondent.— A modified judgment of divorce granted the custody of the two infant children, the issue of the marriage, to the defendant with the right to the plaintiff to have the children during the summer vacation and at other specified periods. At the expiration of the summer vacation of 1943, the plaintiff refused to surrender the children and instituted habeas corpus proceedings in the State of Connecticut where she resided, to obtain possession of the children. The defendant appeared generally in that action and that proceeding is now *sub judice* in that State. Thereafter, in the State of New York, the defendant by order to show cause which was served on the plaintiff in the State of Connecticut, brought a proceeding to have her adjudged in contempt for failure to surrender the children and for other relief. The plaintiff appeared specially to contest solely the jurisdiction of the court over the person of the plaintiff. Her motion to set aside the service was denied. She did not contest on the merits and on her default she was adjudged in contempt and ordered to return the children forthwith; to pay the defendant the sum of $1,500, to indemnify him for the expenses that he had been put to because of her contumacious conduct, and upon her failure to obey the order in any respect, she was to be committed. After the order as thus made was entered, a copy was served upon the attorney who appeared specially. He then moved for a reargument of the motion, such reargument to apply only to the question of the jurisdiction of the court. This motion was granted and upon such reargument, a resettled order was entered in which the court adhered to its original decision. From both orders the plaintiff, still appearing specially, appeals. Appeal from order dated November 4, 1943, adjudging the plaintiff in contempt and punishing her for such contempt, dismissed, without costs and without prejudice to an application by appellant to Special Term to open her default and contest the matter on the merits. The substantive relief contained in this order was granted on default and no appeal lies from such an order. Resettled order denying the appellant's motion to set aside the service of the order to show cause affirmed, with ten dollars costs and disbursements. The court, as an incident to the judgment of divorce, retains jurisdiction over the

parties. (*Leman* v. *Krentler-Arnold Co.*, 284 U. S. 448; *Grenier* v. *Grenier*, 261 App. Div. 1043; *Fox* v. *Fox*, 263 N. Y. 68; *Karlin* v. *Karlin*, 280 N. Y. 32; *Karpf* v. *Karpf*, 260 App. Div. 701.) Close, P. J., Carswell, Johnston, Adel and Aldrich, JJ., concur. [See *post*, p. 990.]