FRANCES BURNS, Plaintiff, v. HENRY T. BURNS, Respondent, and SANFORD H. E. FREUND, Appellant.— In a proceeding to adjudge appellant guilty of a contempt of court in willfully aiding and abetting plaintiff herein in violating a decree, as amended by orders dated June 29, 1942, and November 4, 1943, order granting the application of respondent modified on the law by striking therefrom so much of the second ordering paragraph as reads: "and further in that the respondent, an attorney at law, and officer of the court, with a duty to uphold its decrees, participated", and substituting therefor the following: "as evidenced, in part, by the conduct of respondent, an attorney at law, and officer of the court, with a duty to uphold its decrees, in participating"; by striking out the third ordering paragraph and so much of the fourth and fifth ordering paragraphs as fines the appellant the sum of $3,849.88 and enforces payment thereof. As so modified, the order is affirmed, with $10 costs and disbursements to respondent, and the matter is remitted to the Special Term to take such proof with respect to punishment by fine pursuant to section 773 of the Judiciary Law as the parties may adduce and, upon such proof, to determine the amount of the fine and to include the same, with appropriate provisions for enforcement, in the order. We are of opinion that the proof amply warranted the adjudication of contempt. In itself, however, the participation by appellant in the habeas corpus proceeding did not constitute a violation of the judgment and orders, although such conduct of appellant, including submission of a petition containing a statement which was false, to his knowledge, was properly subject to scrutiny in determining whether or not he had been guilty of contempt by harboring the children of the parties to the action. Hagarty, Johnston and Adel, JJ., concur; Carswell, J., concurs, with the following memorandum: I concur in modification of the order and remission of the matter to Special Term to have the damages established by legal evidence, with the various items segregated, and including therein expenses caused by the habeas corpus proceedings. The latter could not have been instituted without the perjurious petition prepared and utilized by appellant with knowledge of its falsity. It was an additional factor in his harboring of the children. Close, P. J., dissents and votes to reverse the order and to dismiss the proceeding, with the following memorandum: Without giving any consideration to the technical arguments advanced on behalf of the appellant, there is no proof in the record to sustain an adjudication of contempt against him. As I understand the position of the majority, they hold that the appellant, as a member of the Bar of the State of Connecticut, had the right to appear as counsel in the habeas corpus proceeding in that State. That being so, every act performed by him is consistent with his duty as such counsel and, in my opinion, there is not a scintilla of evidence in the record that the appellant either advised, solicited or procured the plaintiff to refuse to return the children. It is not yet the law in this State that a husband must be jailed to atone for the failure of his wife to obey an order of the court.