THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. WILLIAM HARRISON, Defendant. In the Matter of WILLIAM HARRISON, Appellant, against DISTRICT ATTORNEY OF PUTNAM COUNTY et al., Respondents.— Motion to dispense with printing record on appeal denied. The order from which petitioner has attempted to appeal is not appealable. (*People* v. *Gersewitz*, 294 N. Y. 163.) Present — Lewis, P. J., Carswell, Adel, Aldrich and Nolan, JJ.

FRANCES BURNS, Appellant, v. HENRY T. BURNS, Respondent.— Order denying motion by appellant to open her default in opposing, on the merits, a prior motion to punish her for contempt, and to vacate and set aside a contempt order (dated November 4, 1943; reargument granted by order dated November 17, 1943, and original decision adhered to; resettled by order dated December 4, 1943) entered on such original motion, affirmed, with $10 costs and disbursements. Not only was the appellant guilty of inexcusable laches in delaying the making of the motion for about eight months after the decision of this court on December 4, 1944 (*Freund* v. *Burns*, 268 App. Div. 989), but, in addition, the motion papers here do not show any defense on the merits to the application to punish appellant for contempt. A violation of the prior order is substantially conceded. Nor is there any foundation for the claim of alleged legal defects in the contempt order sought to be vacated. This court, on two prior appeals involving its very order dated June 29, 1942, held that the order constituted a sufficient basis for a proceeding to punish for contempt (*Burns* v. *Burns*, 269 App. Div. 667; *Burns* v. *Burns*, 269 App. Div. 1038), and we adhere to that determination. The order of November 4, 1943, as resettled, sought to be vacated, did not change any custody. By the provision therein contained, that the plaintiff return the children of the parties to the defendant forthwith, the order simply specified the act or duty to be performed, as required by the Judiciary Law (§ 774), where the misconduct proved consists of an omission to perform an act or duty which is yet in the power of the offender to perform. The contention of appellant that the contempt order is illegal in that it fixes a definite term of imprisonment of appellant, is unfounded. We construe the order as merely fixing a maximum of thirty days for the imprisonment, even though appellant fail to perform the act directed to be performed, or to pay the fine. So considered, the imprisonment, so limited, is less than might have been imposed under the Judiciary Law (§ 774). What the order directs is that if appellant fail to return the children as therein provided, or to pay the fine thereby imposed, she shall be detained in jail until she shall perform such act and pay the fine, together with the sheriff's legal fees and disbursements, or until otherwise discharged by law, provided, however, that the term of such imprisonment shall not in any event exceed the period of thirty days. The fine imposed was not excessive and appellant, in the moving papers, does not offer any factual basis for the conclusion that it would be any less upon another hearing. Hagarty, Acting P. J., Carswell, Adel, Aldrich and Nolan, JJ., concur.