In the Matter of the CITY OF NEW YORK, Relative to Acquiring Title to Real Property Required for the Opening and Extending of EAST RIVER DRIVE, and Approaches Thereto, and for Additions to CARL SCHURZ PARK, in the Borough of Manhattan.

Supreme Court, Special Term, New York County, February 3, 1949.

*John P. McGrath, Corporation Counsel (Harry E. O'Donnell, Reuben Levy* and *Benjamin Offner* of counsel), for the City of New York.

*Edward F. Clark* and *Leonard J. Reynolds* for George V. R. J. Innes-Ker, Duke of Roxburghe, claimant.

EDER, J. Action in eminent domain. This is a motion by the City of New York for an order correcting and amending, *nunc pro tunc,* as of October 23, 1945, the supplemental and amended final decree made by the late Mr. Justice McLAUGHLIN, dated October 22, 1945, and entered October 23, 1945, so as to reduce the award of consequential damage to the remainder of damage parcel No. 56 from $99,070 to $89,070.

The motion is predicated on the claim that the late Justice committed a patent mathematical error in computing the consequential damage at $99,070.

It appears that damage parcel No. 56 was one of three parcels for which consequential damage awards were made in the supplemental and amended final decree after retrial (*Matter of City of New York [East Riv. Drive]*, 264 App. Div. 555), the two other parcels being damage parcels Nos. 54 and 64-B, and Justice McLAUGHLIN made the following awards of consequential damage: damage parcel No. 54, $70,050; damage parcel No. 56, $99,070; damage parcel No. 64-B, $106,250.

Appeals were taken by the city and also by the owners of damage parcels No. 54 and 64-B; the owner-claimant herein of damage parcel No. 56 did not appeal. The appeals by the other owners were taken on the ground that the awards for consequential damage were inadequate; the appeal by the city was based on the contention that, as matter of law, no awards for consequential damage should have been made to any of the owners. The Appellate Division affirmed the supplemental and amended final decree both as to the city's appeal and as to the appeals taken by the owners of damage parcels Nos. 54 and 64-B (273 App. Div. 884). The Court of Appeals affirmed the order of the Appellate Division from which the city had appealed (298 N. Y. 843).

The alleged mathematical error which forms the basis of the instant motion, it is averred, was discovered by the assistant corporation counsel in charge during the preparation of the city's brief in the Court of Appeals. This feature was not called to the attention of the Court of Appeals, it being the

city's contention that, as a matter of law, the claimants were not entitled to consequential damage, and, further, that it was thought advisable, in the interest of orderly procedure, to await a decision by the Court of Appeals.

It is argued by the city that the alleged erroneous computation of the consequential damage for damage parcel No. 56 is demonstrated by the following table:

| Damage Parcel No. | Remainder area (square feet) | Award |
|---|---|---|
| 54 | 14,009.5 | $ 70,050 |
| 56 | 17,814 | 99,070 |
| 64-B | 21,250 | 106,250 |

The following argument is then made:

" The consequential damage award for Damage Parcel No. 54 is at the rate of exactly five dollars per square foot. (The trial court evidently added one-half square foot to the remainder area and thus made it an even 14,010 square feet.)

" The consequential damage award for Damage Parcel No. 64B is also at the rate of exactly five dollars per square foot.

" However, if we divide the award for Damage Parcel No. 56, $99,070, by its remainder area, 17,814 square feet, we find that the rate per square foot is an inexact amount, to wit, $5.561+ per square foot. On the other hand, if we multiply 17,814 by $5, the result is $89,070. It is clear that the figure of $99,070 was the result of an error in multiplication. In carrying out the multiplication, the court, through inadvertence, made the last figure arrived at a 9 instead of an 8."

It is therefore the conclusion of the affiant that it is inconceivable that Justice McLAUGHLIN could have intended to award exactly $5 per square foot to the remainder areas of damage parcels Nos. 54 and 64-B and an inexact amount, $5.561+ per square foot, to the remainder of damage parcel No. 56, and it is said that the only logical explanation for the figure of $99,070 is that it was the result of an error in multiplication, as afore-mentioned.

In opposition it is contended that the application is not timely, nor is any reason given for the delay of nearly five years since the award was made by Justice McLAUGHLIN on June 7, 1944, and that at no previous time was there any suggestion by the city of any error in computation. It is also submitted that Justice McLAUGHLIN in allowing the additional sum of $10,000, as to damage parcel No. 56, no doubt took into consideration,

as a factor, that this damage parcel lost its access of light and view of the river, and was damaged in greater proportion than damage parcel No. 54.

There is nothing concrete submitted in support of the premise that the award in the sum of $99,070 was the result of a mathematical error by the Trial Judge, and what the movant is now asking this court to do is to penetrate the mind of the late Justice McLaughlin and say that he did not intend his determination to be as he actually rendered it, but that his determination and award were intended to be that claimed by the city.

No precedent has been cited by the city to justify this court in adopting such an extraordinary course, and indulgence in such an hypothesis would result in a substantive change of the decree to the obvious injury of the owner of this damage parcel, who, seemingly, was satisfied with the sum awarded as consequential damage, and took no appeal therefrom.

Basically, I am of the opinion that this court is without power to grant the relief requested.

The city endeavors to support its right to make this application on the theory that the alleged error was a clerical error as distinguished from a judicial error and that a clerical error may be corrected at any time. While a clerical error may be corrected at any time, it is well-established law that the trial court has no jurisdiction to correct by amendment error in substance affecting the judgment (*People ex rel. Hirschberg* v. *Orange Co. Ct.,* 271 N. Y. 151; *Beitz* v. *Fuller,* 92 Hun 457); and as is pointed out in the *Hirschberg* case (*supra,* pp. 156–157) the courts should not, after final judgment, by amendment, change a ruling upon the law, or alter the decision upon the merits, which would affect the substantial rights of the adverse party. In the *Beitz* case (*supra*) the court points out that the power to correct judgments is " limited to corrections which do not involve matters of substance " (p. 459), and it has been said that " An error in arriving at a conclusion cannot possibly be a clerical error, but must be a judicial error." (*Howland* v. *Superior Ct. of Los Angeles Co.,* 127 Cal. App. 695, 698.)

In *Heath* v. *New York Bldg. Loan Banking Co.* (146 N. Y. 260) where an attempt was made to correct and amend findings and conclusions and judgment entered after trial by reducing the amount of the recovery, the court rejected the claim that in awarding the larger sum the error was a clerical one and held that it was error affecting a substantial right of the adverse party, commenting that such a change was a " new and extraordinary adjudication upon the rights of the parties ", and it was

also said that "It would be a most dangerous precedent if such a wide departure from due and orderly procedure, as is here disclosed, should be permitted" (p. 263), and concluded with the pronouncement that the Special Term was without power to make such a correction.

The city's claim of mathematical error is grounded entirely on supposition; there is nothing but surmise to support its assertion that it was "clearly the intention" of Justice McLaughlin to make the award to the claimant "at the rate of five dollars per square foot" for the remainder area of 17,814 square feet.

If Justice McLaughlin's ultimate conclusion that the claimant, upon the evidence, was entitled to recover $99,070 as consequential damage was erroneous, it was a judicial error and not a clerical one.

The correction or amendment sought by the city involves, definitely, a change of substance, and is not merely a correction of a clerical error, and after due reflection I have reached the ultimate conclusion that this court is without power, in the circumstances, to grant the relief sought.

The motion is accordingly denied. Settle order.