Thomas Dickens, J.
Assent to a provision in a contract embodying a stipulation for arbitration, was the exclusive issue litigated in this trial.
This issue came to pass as the result of a motion made by petitioner to obtain an order staying a prior demand made by respondent for the arbitration of a dispute, which, respondent maintained, had arisen, allegedly, out of the written contract in question.
The formal order heretofore made by the Judge on the disposition of the motion, contains the following recital, circumscribing and clearly defining the issue specified therein to be tried: “ Ordered, that the issue of whether or not the petitioner by its acts and conduct, assented to the provisions for arbitration embodied in said contract No. 4873, dated April 11, 1957, a copy of which is annexed to the petition herein, be tried pursuant to Section 1458 of the Civil Practice Act -.” (Italics added.)
The trial thereof had before me has produced one phase of testimony, which, in my opinion, conclusively solves and determines this issue. Such testimony was given by a material witness who testified in behalf of petitioner; but, it does not stand petitioner’s cause in good stead.
It is quoted here verbatim:
“ Q. Did you ever discuss with Mr. Sheppard the arbitration clause? A. I don’t think so. I just told him we wouldn’t sign the contract. That is what I did tell him.
“ Q. Did you tell him specifically why you wouldn’t sign the contract? A. Yes.
“ Q. What was that? A. I told you, the over print that he added on to the contract. That stamp that they put on the contract and the ten percent seconds.” (Italics added.)
It is evident that these two definite reasons for refusing to sign the contract are in the nature of particular objections.
To indicate the fatality of this testimony to petitioner’s cause, I shall, for the sake of being pointed and brief, borrow *50 the language used by the court in Littlejohn v. Shaw (159 N. Y. 188), and apply it without further comment. It reads as follows (p. 191): “ The principle is plain, and needs no argument in support of it, that if a particular objection is taken to the performance and the party is silent as to all others, they are deemed to be waived.” (Italics added.)
In a varied way, this principle is also succinctly contained in this maxim: ‘ ‘ What is expressed makes what is silent to cease.” (Wharton’s Book of Legal Maxims [Eng. Trans.], Pt. II, No. 170, p. 234.)
In view of the foregoing rule, I must, as a result of the testimony afore-noted, find in the affirmative on the issue, to wit, that petitioner, by its acts and conduct, assented to the provisions for arbitration.
It follows therefrom that respondent is entitled to arbitration.
Submit order.