Thomas Dickests, J.
This motion by plaintiff has for its goal the vacating of a stipulation of settlement made in open court and the reviving of his prior motion for an injunction pendente lite, the subject out of which the stipulation arose. The reason for this volte-face is the failure of defendant to keep faith with plaintiff by violating the terms of the stipulation.
The proceeding for injunctive relief concerned itself with the breach of a restrictive covenant contained in an agreement of sale by defendant to plaintiff of defendant’s share, for a substantial price, in a business conducted by both plaintiff and defendant as partners. The covenant prohibited defendant’s doing business within a stated area and barred solicitation of the partnership customers.
The stipulation came to pass during the course of a testimonial hearing held in the injunction proceeding at my direction, for the purpose of enabling me to resolve more efficaciously a divergent vital issue involved in that proceeding.
After extensive negotiations and discussions of the terms of settlement by the respective attorneys and the parties, the attorneys, with the approval and consent of the parties, dictated, in my presence, their consummated terms, which, inter alia, provided for defendant’s discontinuance of his business at its present location and for its removal to a point outside a designated circumscribed area. Discontinuance and removal were to take place, definitely, by August 7, 1963. Provision was also made for defendant’s refraining from any solicitation of the customers of the dissolved partnership.
Instead of carrying out his side of the bargain, defendant has allegedly disregarded the agreement and has continued to do business in the prohibited premises and has been soliciting partnership customers. So far as his conducting business at the same place is concerned, defendant concedes it. He offers as an excuse that he is making every effort to move to other premises which had already been rented to him. Solicitation of customers he denies.
It is to be borne in mind that defendant had bound himself by an indubitable term, unqualified in its tenor, to move from the prohibited premises definitely by August 7, 1963. Query: Does his explanation excuse him? The immediate law that follows seemingly provides the answer.
It has been held that a stipulation of settlement is a contract in itself. (Goldbard v. Empire State Mut. Life Ins. Co., 5 A D *656 2d 230; Barry v. Mutual Life Ins. Co., 53 N. Y. 536, 539, 540.) With respect to the performance of the obligations of a contract, the court in Dexter v. Norton (47 N. Y. 62, 64) made these instructive observations:
“ [W]here a person absolutely contracts to do a certain thing not impossible or unlawful at the time, he will not be excused from the obligations of the contract unless the performance is made unlawful, or is prevented by the other party.
“ Neither inevitable accident, nor even those events denominated acts of God will excuse him, and the reason is that he might have provided against them in his contract.” (Emphasis supplied.)
In addition, defendant cannot take advantage of a delay produced as a result of his own delinquency and use it as an excuse for his failure to perform his unqualified obligation to move by a specific date. (See Carman v. Pultz, 21 N. Y. 549; Dexter v. Norton, supra.)
Defendant charges plaintiff with “ not acting in good faith ” for failing to enter a consent judgment on the stipulation, and further, “ by not availing himself of the proper remedies, if he had any.”
These charges can hold no water. First, because an oral stipulation by the attorneys in open court is binding. (Lee v. Rudd, 120 Misc. 407; CPLR, § 2104, formerly Rules Civ. Prac., rule 4.) No formal order or “ consent judgment ” is necessary for the sustenance of this kind of stipulation. (Niagara Falls & Lewiston R. R. Co. v. Brundage, 7 App. Div. 445; Greenwald v. Emex Realty Co., 173 Misc. 122.) Second, because the present remedy is plaintiff’s right, without being compelled to rely on an independent action on the stipulation. (Balbert v. Balbert, 190 Misc. 628.) Discontinuance not being a part of the discussions and negotiations in open court between the parties and counsel as to every detail, indicates that the action was kept alive; therefore, this motion is proper. A plenary action is not necessary. (Thompson Med. Co., 4 A D 2d 504; Papajohn v. Michael, 17 A D 2d 803; Colla-Negri v. Colla-Negri, 8 Misc 2d 415, mot. to dis. app. granted on condition etc. 8 A D 2d 718; Lee v. Rudd, supra, p. 631.)
Defendant states further that he is advised by his attorney that “ the procedure is incorrect, that the application should be to punish for contempt of court.” Without my commenting on the propriety of the advice, I refer to Hoefler v. Hoefler (12 App. Div. 84), in which the court indicates by its language that a litigant in plaintiff’s position could forego the remedy of *657 contempt proceedings and could choose, instead, the milder remedy.
Still retaining control of the injunction proceeding (Yonkers Fur Dressing Co. v. Royal Ins. Co., 247 N. Y. 435, 445), I hold with plaintiff and grant this motion. The stipulation is vacated, the original motion for an injunction pendente lite is granted, and the case is placed on the calendar for trial for October 15, 1963, upon payment of the required fees by plaintiff. Bond $500.