Thomas Dickens, J.
Repeated violations by plaintiff wife of visitation rights granted to defendant husband, with which I am now concerned, as part of a decree condemnator in the pending lawsuit by plaintiff against defendant for a divorce a mensa et thoro, are collectively the basic theme of this litigation.
These violations have come about after defendant had withdrawn his answer when the case was reached for trial before an Associate Judge, and after the parties had then agreed to certain stipulations which were simultaneously, with the withdrawal of the answer, read into the record by plaintiff’s attorney — all with the knowledge and consent of plaintiff.
Among those stipulations was that which gave plaintiff custody of their two children, with provision, however, for the visitation rights in question.
As a side light on the legal phase regarding stipulations, it has been held that ‘ ‘ generally, all stipulations made by the parties for the government of their conduct or the control of their rights in the trial of a cause, or the conduct of litigation are enforced by the courts.” (Bagley v. Jennings, 58 Hun 56, 59; see, also, Ressler v. Druck, 40 Misc 2d 654.)
These violations of visitation rights eventually caused defendant to move before me by order to show cause, dated June 25, *918 1968, for the purpose of having plaintiff held in contempt of court as punishment for the display of contumacious and recalcitrant conduct. I granted the motion, and, after due turn of thought, I made an order on July 9, 1968, in which I amerced plaintiff to the extent of $250, and also, relieved defendant of the legal obligation of making any payments for support and maintenance until plaintiff would comply with the afore-stated order.
This contempt order of July 9, as well as the prior contempt orders that had been issued by Associate Judges of this court, infra, running in the same vein, that is, visitation contempts, having been unaffected in any legal manner, has become the law of the case, so far as concerns the disposition of the repeated contempt proceedings (Carlin Trading Corp. v. Bennett, 24 A D 2d 91).
As concrete proof that her contumacy had been, and still is, nothing else than a continuing contempt with respect to the visitation mandates of the Supreme Court, I made, in my order of July 9, 1968, observation of plaintiff’s prior contemptuous conduct, in the following manner: It clearly appears even from the opposing papers filed herein that plaintiff is persisting in a course of conduct heretofore condemned by the court (see Harvey v. Harvey, N. Y. L. J., May 21, 1968, p. 15, col. 8 [Sup. Ct., Spec. Term, Part XII, N. Y. Count), Helman, J.; see, also, N. Y. L. J., June 30, 1967, p. 12, col. 6 [Sup. Ct., Spec. Term, Part XII, N. Y. County, Backer, J.]).
Thereafter, as a result of plaintiff’s showing of unswerving indifference to defendant’s rights, defendant by order to show cause, dated September 26, 1968, again sought the benign intercession of the Supreme Court, with an urgent appeal for the court to take further legal measures for the enforcement of defendant’s visitation rights. A hearing, thereon, followed, after the motion had been referred to me, and, as a result, the parties entered, once more, into certain oral stipulations, regarding visitations particularly, which were to be put into writing at a later time. Once again the outcome proved to be a mere brutum fulmen. Pointedly, for emphasis, I repeat the law on stipulations: Stipulations, valid, arc binding (Bagley v. Jennings, supra; Ressler v. Druck, supra).
Failing to accomplish his objective as time marched on, despite the oral terms agreed upon at this futile hearing, defendant, thereupon, took, figuratively speaking, the bull by the horns and gave plaintiff written notice for leave to have the order to show cause of September 26, 1968, restored and reargued. *919 I granted leave, and argument of the show cause order of September 26, 1968 followed.
This step taken by defendant in disregarding the oral stipulations, and, instead, in having recourse to the order to show cause of September 26, supra, was warranted, in view of plaintiff’s failure to fulfill, once more, her part of this agreed definite oral arrangement (Ressler v. Druck, 40 Misc 2d 654, supra).
After pondering this grim record of plaintiff’s repeated contumacy and 'of the prior animadversions expressed by my judicial confreres in passing judgment upon plaintiff’s seemingly defiant conduct, I cannot dissemble the stark reality that plaintiff’s aberrations from the law by her flouting of the mandates of the court, were deliberate, willful, and carefree. Then again, her temerity in leaving this jurisdiction on a trip to Ireland without approval of a Judge of this court, must be regarded as an aggravating circumstance in passing upon her unceasing contemptuous behavior.
Plaintiff’s explanations regarding her deplorable contemptuous behavior, do not commend themselves to my judgment. On the record before me, all reasoning appears to be preponderatingly in favor of defendant.
The record of this continuing contempt proceedings and of the contempt proceedings before this one, brings to mind the following quotation (English translation) from Ballentine’s Law Dictionary, page 480: “Acts or deeds are more powerful than words,” and the additional quotation (also English translation), at page 1078: “ That which is proved by the record ought not to be denied.”
I am constrained to say that the record here convincingly indicates that plaintiff has absolutely no affinity for defendant but bears only antipathy. I believe, therefore, that the philoprogenitive instinct of defendant toward their little ones, an infant son and an infant daughter, should, at this stage, be given just recognition, and should have the full protection of the law in order to sustain his parental right of visitation, with full preservation from harassment, or from any further play of fast and lose in the premises.
As an instructive maxim in the law, worthy of mention here, it is wise to be mindful of the principle that one cannot take the law in one’s own hands (Muller v. Hillenbrand, 227 N. Y. 448, 451). Furthermore, as a supplementary observation, regarding plaintiff’s resisting conduct to what I have already said heretofore on the same subject, it is well to bear in mind *920 that people are to be judged by their acts, which speak louder than words, and which often render subsequent explanations unsatisfactory (Warren v. Warren, 8 Misc. 189, 191).
On the basis arid in consequence of the record before me, I am fully convinced that plaintiff has been guilty of a continuing contempt of the mandates of the Supreme Court, in that, she has willfully violated and flaunted the mandates by continuing to refuse defendant the vested right of visitation with his children, despite judicial direction, and that such action has continued to defeat, impair, impede, and prejudice the visitation rights of defendant. In the face of such disobedient conduct, I, therefore, direct and order plaintiff to comply with the requirement of paying the fine imposed in my prior order, dated July 9, 1968, payment of such fine, however, to be made within 15 days from the entry and service of the formal order, instead of 30 days, as originally directed. I direct also that a commitment issue, without unnecessary delay, sentencing plaintiff to 15 days incarceration in jail. Also, until plaintiff complies with the formal order and does not fail to comply with the provision of the decree relative to visitations, defendant is relieved of all payments for support and maintenance (see Crawford v. Crawford, 19 Misc 2d 633; Burns v. Burns, 270 App. Div. 1017).
Nevertheless, plaintiff may purge herself of her contempt by arranging for visitations in accordance with the original stipulations entered in the decree of separation. Such compliance shall immediately be made after the service of a copy of the formal order with notice of entry thereof. If plaintiff fails to comply, then the order of July 9, 1968, shall remain intact, and commitment shall issue.