Thomas Dickens, J.
The purport of this application by the plaintff is to have the pretrial compromise and settlement of this negligence action, which had been consummated by the respective attorneys, set aside, and, in its place, to have an order granted for the restoration of the case, now marked off the calendar, to the Trial Term calendar in its regular order.
*32 Subsequent disavowal of the settlement by the plaintiff, forms the cornerstone of this application.
A just view of the facts, relative to the settlement, is the following: On February 7, 1969, when I was presiding in the Pretrial Part, the attorneys for the respective parties agreeably utilized their opportunity for compromising and settling this negligence action. An imparlance followed and was then held under my supervision, in accordance with the usual regular procedure applicable to pretrials. In the final stage of negotiations, when the attorney for the defendant tendered the amends of $4,500, the attorney for the plaintiff, who acknowledges in his affidavit that the settlement was, in the circumstances, adequate, accepted it sans qualifications and/or conditions. Nobody worked any oracle or exerted any mental pressure in order to induce or persuade the arrival at a settlement. In so many words then, the settlement was an out-and-out voluntary one. In order to encourage settlement, I informed the plaintiff’s attorney that I would try to help him in having the amount of the hospital lien reduced.
Now, at this eleventh hour, the plaintiff takes this present step in a change of front for a circumduction of the settlement, and to set it at naught and to have the case regenerated. The reason for the change of front is offered in his attorney’s affidavit, and it reads as follows: ‘ ‘ The plaintiff has however informed the undersigned [his attorney] that he would not even consider the acceptance of a settlement in the above amount, and has informed the undersigned [his attorney] that his action is worth far in excess of that amount. The said client has instructed your affirmant [his attorney] to take all necessary steps to place the case upon the calendar of this court for trial.”
It should be noted here, parenthetically, that this expressed reason for rejecting the settlement, becomes a blockade as a waiver of any others, for “ 1 What is expressed makes what is silent to cease’” (Matter of Slifka Fabrics [Schneider Silk Mills], 10 Misc 2d 49, 50).
In compliance with the plaintiff’s instructions to have the case restored, the attorney for the plaintiff sent a stipulation to the attorney for the defendant for the restoration of the case, with an explanation bearing on the plaintiff’s afore-stated attitude as the reason for the stipulation. It was returned by the defendant's attorney, however, with this declining notation: “ We return, unsigned your stips. to restore. This case was settled without condition.”
Hence, the foregoing resumé of the highlights of the affidavit made by the attorney in behalf of the plaintiff, comprises the *33 sum and substance underlying the repudiation of the settlement by the plaintiff. Marked notice is hereby taken of plaintiff’s failure to submit his own personal affidavit in support of this application for my sanction to warrant the plaintiff’s changing his ground and mending his hold.
When fairly considered, it seems to me that the disposition of the action by the respective attorneys had the effect of molding the settlement into a fait accompli, when judged within the compass of the case law that follows. I see no escape from this conclusion, especially in view of the comparative factors recited, particularly, in Di Russo v. Grant (28 A D 2d 847, infra).
Rule 10 (subd. 3; par. [a]) of Part I of the Buies of the Supreme Court of the First Department provides as follows: “ The attendance of attorneys who are familiar with the case and who are authorized to act will be required. The parties may attend the call, and the justice presiding may require their attendance ” (22 N Y C R R 660.10 [b] [1]; emphasis supplied).
In the case at bar, the plaintiff not only failed to submit his personal affidavit, as indicated, but also did not appear with his attorney at the pretrial session. The attorney alone appeared. I gather, from all the essential elements involved, the implication of acknowledgment of authority by the attorney to proceed with the disposition of the case in the manner that he did. In all probability he proceeded so with the blessing of the plaintiff given at a time prior to the plaintiff’s expression of dissatisfaction with the settlement.
In Thompson Med. Co. v. Benjamin Pharmaceuticals (4 A D 2d 504), the court laid down the rule that settlements openly arrived at should not be set aside on motion in the absence of compelling reason.
In Ressler v. Druck (40 Misc 2d 654, 655-656), a ease decided by me, I had occasion to make observation of the following: “ It has been held that a stipulation of settlement is a contract in itself [Citing authoritative cases]. With respect to the performance of the obligations of a contract, the court in Dexter v. Norton (47 N. Y. 62, 64) made these instructive observations: [W] here a person absolutely contracts to do a certain thing not impossible or unlawful at the time, he will not be excused from the obligations of the contract unless the performance is made unlawful, or is prevented by the other party.
“ 6 Neither inevitable accident, nor even those events denominated acts of God will excuse him, and the reason is that he might have provided against them in his contract. ’ ’ ’ (Emphasis supplied.)
*34 An agreement makes law (Ballentine’s Law Dictionary [English Translation], p. 285).
A case, ad rem, almost parallel in omnibus with the case at bar, is Di Russo v. Grant (28 A D 2d 847). As a final judicial stroke from an authoritative aspect, this citation puts the quietus to the application. The syllabus thereof reads as follows: “Where plaintiffs did not appear at the pretrial negotiations in pqrson but acted through their attorney who by his presence impliedly acknoioledged his authority to bind his clients cmd did not make it known that his authority to settle was limited to any amount, under circumstances, motion to vacate settlement and to restore case to calendar should have been denied since affidavit in support thereof asserted only that plaintiffs absolutely refused to accept amount agreed upon by their attorney ” (emphasis supplied).
In the light of the foregoing review of this ease, I am constrained to withhold any judicial benevolence for the benefit of the plaintiff. As a result, I am left with no alternative other than to turn thumbs down on this application to have the settlement declared nullified. Instead, I hold, in the circumstances, the settlement to be indefeasible.
Motion denied.