M. Michael Potoker, J.
In this proceeding brought pursuant to subdivision (c) of section 466 of the Family Court Act, petitioner seeks to enforce the provisions of a separation agreement incorporated by reference in a Mexican divorce decree. Inter alia among her specific demands are arrears in the sum of $2,500 and reimbursement to her of certain expenditures made by her for their child and which respondent is obliged to pay under the agreement.
The record herein indicates that the parties through their respective attorneys and with their concurrence entered into a stipulation in open court as to the following amounts due to petitioner: Arrears $2,500; day camp for child $477 and transportation $350. The stipulation further provided that the question of respondent’s liability for said transportation was left to the court’s determination.
*700 The action was fried before Judge Joseph B. Williams and in his decision dated February 5, 1970 respondent was ordered to pay the amount of weekly support provided for in the agreement; arrears of $2,500 and counsel fees. The order omitted the terms of the stipulation other than arrears.
The instant matter before me is a motion for an order pursuant to CPLR 5019 (subd. [a]) correcting Judge Williams’ order by incorporating therein the stipulation as to the aforementioned items which petitioner claims was erroneously omitted. The matter was brought to Judge Williams’ attention but could not be acted upon by him because he had in the interim resigned from the Bench to accept the Mayor’s appointment as Model Cities Administrator of the City of New York.
Respondent resists petitioner’s application and argues in the submission by his attorney “ that Judge Williams took everything into consideration at the time of the rendition of his decision and that by virtue thereof the same should not be disturbed, nor (does) this Court except Judge Williams have the power to disturb or correct any alleged error or omission.”
CPLR 5019 (subd. [a]) which is pertinent provides as follows: “ Validity and correction of judgment or order. A judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party. A trial or an appellate court may require the mistake, defect or irregularity to be cured.”
As a general rule, a party should seek correction or modification of the judgment or order from the Trial Judge who heard the action (Kehrig v. Koshney, 12 A D 2d 731; Wells v. Vanderwerker, 45 App. Div. 155). Nonetheless this court finds no valid or statutory restriction placed upon it from acting under CPLR 5019 (subd. [a]) where the Trial Judge, as here, is barred from doing so because he is no longer on the court Bench. (See Oakley v. Cokalete, 6 App. Div. 229.) Suffice it to say that the Family Court is a trial court and any Judge thereof is therefore empowered under the statute to correct or modify a judgment or order in the absence of the Trial Judge.
The law seems well settled that the power to correct or modify does not include changes affecting matters of substance (Matter of Silbermann v. Morton, 274 App. Div. 335; Lane v. Merit Enterprises, 4 Misc 2d 137).
Notwithstanding the power of this court to correct or modify under CPLR 5019 (subd. [a]), I believe that in the matter herein the remedy sought by petitioner is unnecessary. The record is *701 clear that the parties stipulated as to certain amounts owed to petitioner.
It has been held that a stipulation of settlement is a contract in itself (Goldbard v. Empire State Mut. Life Ins. Co., 5 A D 2d 230; Barry v. Mutual Life Ins. Co., 53 N. Y. 536; Ressler v. Druck, 40 Misc 2d 654).
CPLR 2104 which alludes to agreements provides as follows: £ ‘ An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered.”
Since we are here dealing with a stipulation made between counsel in open court, it is unnecessary to reduce it to an order.
An oral stipulation by the attorneys in open court is binding (Lee v. Rudd, 120 Misc. 407). No formal order or “consent judgment ” is necessary for the sustenance of this kind of stipulation. (Niagara Falls & Lewiston R. R. Co. v. Brundage, 7 App. Div. 445; Greenwald v. Emex Realty Co., 173 Misc. 122.) The stipulation on record is tantamount to a court order and petitioner is not at all prejudiced by its omission from the decision and order of Judge Williams. There remains unresolved, however, the question of the transportation item. It appears that respondent does not challenge the amount of $350 which petitioner claims she expended for the issue of the marriage. What he does not agree with is the fact that he is obliged to meet that expenditure under the terms of the separation agreement. The question now facing the court is its right under CPLR 5019 (subd. [a]) to correct or modify Judge Williams’ order by adding the transportation item. It is my considered opinion that such correction or modification this court cannot make. I. am not in any position to know whether or not Judge Williams inadvertently failed to determine the transportation question or if he intended to deny petitioner’s claim for this item by deliberately omitting it from his decision. If I were now to determine that matter I would be usurping the authority which rightfully belonged only to the Trial Judge who heard the arguments made by each party. Its omission cannot be construed as an insubstantial error.
A court has no power to reduce or increase the amount of the judgment when there is no clerical error. (See Minnesota Laundry Serv. v. Mellon, 263 App. Div. 889, affd. without opn. 289 N. Y. 749; Matter of City of New York [East Riv. Drive], 194 Misc. 611.)
Judicial errors of commission or omission cannot be corrected. Where a change in the judgment is sought, the remedy *702 is on appeal or a motion to vacate, not a motion to amend the judgment. (See Horan v. Town of Brookhaven, 29 A D 2d 563; Herpe v. Herpe, 225 N. Y. 323.)
For the reasons hereinabove cited, petitioner’s motion for an order pursuant to CPLR 5019 (subd. [a]) is denied.