In the Matter of the Application of the CITY OF NEW YORK, Relative to Acquiring Title to Certain Lands on the North River Between Bloomfield and Little West Twelfth Streets and Between Tenth and Thirteenth Avenues in the City of New York.

J. ODGEN ARMOUR et al., Appellants; JOHN GLASS, Respondent.

APPEAL — NEW YORK (CITY OF) — ORDER OF SPECIAL TERM PARTIALLY CONFIRMING REPORT OF COMMISSIONERS OF ESTIMATE AND ASSESSMENT. Under sections 986, 988 and 989 of the charter of the city of New York (L. 1901, ch. 466) the Appellate Division of the Supreme Court has jurisdiction to review an order of the Special Term reversing and confirm-

ing in part a report of commissioners of estimate and assessment; and from an order of the Appellate Division finally determining the same an appeal lies to the Court of Appeals.

*Matter of City of New York,* 101 App. Div. 527, affirmed.

(Argued May 30, 1905; decided June 13, 1905.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 20, 1905, which reversed an order of Special Term confirming in part the report of commissioners of estimate and assessment in the above-entitled proceeding and in part sending the said report back for correction and directed that the said award should be amended in certain particulars, and as so amended confirmed.

The respondent, John Glass, was the owner of premises known as Numbers 3, 5, 5½, 7, 9, 11, 13 and 15 Bloomfield street and Little West Twelfth street, in the borough of Manhattan, which were taken by the city of New York in this proceeding. The premises were occupied by four tenants, who now appeal: (1) J. Ogden Armour; (2) Metropolitan Hotel Supply Company; (3) T. H. Wheeler Company; (4) Conron Brothers.

These tenants used the premises for refrigerating or cold storage purposes, and (excepting the Metropolitan Company) made the alterations to the premises for which damages were awarded by the commissioners. For the fixtures on the premises of the respondent Glass, occupied by Armour, the award was $3,500.00; for the fixtures on the premises occupied by the Metropolitan Hotel Supply Company, $4,000.00; for the fixtures on the premises occupied by T. H. Wheeler Company, $4,150.00; and for the fixtures on the premises occupied by Conron Brothers, $30,000.00.

The commissioners by their report made the awards on the Wheeler Company and Conron Brothers' premises to the said tenants, respectively, and the two awards on the Metropolitan Company and the Armour premises to the owner, the respondent landlord.

On motion to confirm the report, the Special Term held that the commissioners erred in making the awards to the landlord for the fixtures on the Metropolitan Company and the Armour premises, and to that extent directed that the report be sent back for correction, and confirmed the report so far as it awarded to the tenants the damages for the improvements and fixtures on the Wheeler Company and Conron Brothers' premises. There were also allowed to the tenants certain sums for the unexpired term of their respective leases that are not involved in this appeal.

*William H. Harris* for appellants. The Appellate Division had no jurisdiction to review the order of the Special Term. (L. 1901, ch. 466, § 822.) This court has jurisdiction to review the order of the Appellate Division. (L. 1901, ch. 466, § 989; *Matter of Totten*, 179 N. Y. 112; *Matter of Bd. of Education*, 169 N. Y. 456; *S. T. Co.* v. *N. Y. C. & H. R. R. R. Co.*, 178 N. Y. 407.)

*David Gerber* and *Michael J. Mulqueen* for respondent. The order is not final and, therefore, not appealable to this court. (*Bostwick* v. *Brinkerhoff*, 106 U. S. 73; *Pepper* v. *Dunlap*, 5 How. [U. S.] 52; *Moore* v. *Robbins*, 18 Wall. 588; *Parcels* v. *Johnson*, 20 Wall. 654.)

BARTLETT, J. From the disposition of the case made by the Special Term an appeal was taken to the Appellate Division, where the order was reversed and the report of the commissioners unanimously affirmed as to the claims of the Metropolitan Company and J. Ogden Armour. As to these claims there was a question of fact involved whether the fixtures for which awards had been made by the commissioners were distinctively realty or trade fixtures, which could be removed as between landlord and tenant. The Appellate Division determined this question of fact after examining a very voluminous record, and we have no jurisdiction to review the conclusion reached, and, therefore, affirm the order

appealed from as to the said claims of the Metropolitan Company and J. Ogden Armour. As to the claims of the T. H. Wheeler Company and Conron Brothers, the order is not final, and for that reason, as to said appellants, their appeal is dismissed.

As to the claim of Conron Brothers, the Appellate Division states: " And that the said order so far as it confirms the said report in making an award to John E. Conron and Joseph Conron, composing the firm of Conron Brothers, for fixtures in the sum of $30,000.00, is hereby reversed, and the said report in that particular is sent back to the said commissioners of estimate and assessment herein, with direction to award to the said Conron Brothers, out of the said sum of $30,000.00, the value of the property taken by the City of New York, belonging to said Conron Brothers, which they had a right to and could remove, without injury to said property and the freehold, and which value, if any, should be based upon the value of the particular property after it had been detached from the building at the expiration of the demised term of the said Conron Brothers, with the value of the use of said property for the unexpired term, and the balance of said sum of $30,000.00 shall be awarded to John Glass, and the said report in that particular is recommitted to the said commissioners for correction accordingly."

The learned counsel for the appellant in his fourth point raises the preliminary objection that the Appellate Division had no jurisdiction to review the order of the Special Term. This point involves the construction of sections 986, 988 and 989 of the charter of the city of New York. It was at one time a disputed question whether an appeal could be taken under section 986 to the Appellate Division until the Special Term had so dealt with the report of the commissioners as to be able finally to wholly confirm the same as to all claims in the proceeding.

In *Real Estate Corporation* v. *Harper* (174 N. Y. 123, 129) this question was under review, and Judge VANN, writing for the court, said: " The statute, as we read it, authorizes

partial confirmation, for the purpose of limiting appeals and settling rights, *pro tanto*, and a full confirmation for the purpose of establishing the lien of the assessment, when perfected by entry of record in the offices designated."

We are of opinion that the Appellate Division had jurisdiction and the appeal to this court was authorized, except as to the claims of Conron Brothers and T. H. Wheeler Company.

The order appealed from should be affirmed, with costs, except as to the appeals of Conron Brothers and T. H. Wheeler Company, which should be dismissed, without costs.

CULLEN, Ch. J., GRAY, O'BRIEN, HAIGHT, VANN and WERNER, JJ., concur.

Ordered accordingly.