Julia Fasking, Appellee, v. Sam E. Goldberg, Appellant.

Gen. No. 40,412.

Opinion filed April 24, 1939. Rehearing denied May 8, 1939.

ZITTENFIELD, SEGAL & HOCHBERGER, of Chicago, for appellant; IRVING S. HOCHBERGER, of counsel.

RAYMOND A. CAVANAGH and JAMES A. DAYTON, both of Chicago, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Defendant appeals from a judgment of $775 in an action brought by plaintiff to recover double rental for premises leased by plaintiff to defendant when defendant did not surrender possession at the termination of the lease.

The lease to defendant ran from October 1, 1930, to April 30, 1936, at a monthly rental of $300; in July, 1935, plaintiff made a lease of the premises to a new tenant, the General Credit Company, to take effect May 1, 1936; defendant, the old tenant, was in possession under his lease, and after conferences it was apparent that he would not vacate the premises at the expiration date; thereupon plaintiff through her attorney and agent made an agreement with the new tenant that the rent for the new term would not start until such time as plaintiff was successful in forcing defend-

ant to vacate the premises, and also refunded to the new tenant the $300 it had paid for the May rent; plaintiff brought forcible detainer actions against defendant and obtained possession June 1, 1936, when the new tenant went into possession and commenced to pay rent.

Under one of the provisions of the lease to defendant he agreed to yield up immediate possession at the termination of the lease and to return the keys to the lessor, and failing so to do to pay as liquidated damages for the time such possession was withheld a sum equal to twice the amount of the rent reserved.

Defendant relies principally upon the decisions in *Grand Union Tea Co. v. Hanna,* 164 Ill. App. 570, and *Gazzolo v. Chambers,* 73 Ill. 75, which held that where the landlord has made a lease to a second tenant he has no right to prosecute a suit for possession of the premises or for recovery of rent accruing after the expiration of the lease to the first tenant; that these rights are in the second tenant only. This is the general rule, but is not applicable to the instant facts. Here the defendant was ousted from possession, whether by the action of the landlord or of the new tenant is not important. By a provision of his lease defendant agreed to pay the lessor double rent for such period of time as he held over.

Defendant argues that plaintiff testified that she did not recall having any agreement with the new tenant, the General Credit Company, with reference to rent for the month of May or in regard to possession of the premises. Plaintiff is a resident of the State of Wisconsin. She testified that Mr. Cavanagh, her agent and attorney, attended to everything "because I do not understand anything about it. He handles all my business for me; I left it to him"; that she was satisfied with any arrangement he might make with the new tenant.

Paragraph 14 of the lease provides that the lessee shall pay all attorney fees incurred and expended by the lessor in enforcing the covenants and agreements of the lease. Plaintiff paid her attorney $75 for services in the forcible detainer suits and $100 for conducting negotiations between defendant and plaintiff with reference to obtaining possession of the premises.

On the merits defendant makes no attempt to justify his holding over after the term of his lease expired. His position seems to be that he admits liability for double rent, not to plaintiff but to plaintiff's new tenant, the General Credit Company. It is said there is pending in the circuit court a suit brought by the General Credit Company against this same defendant to recover, among other things, double rent for the same period for which judgment was rendered in the instant case. Manifestly, defendant cannot be made to pay double rent to plaintiff and also to the new tenant.

Resolved to its simplest elements, defendant wilfully held over for a month after his lease expired and then yielded possession to a forcible detainer judgment. By the unequivocal language of the lease, as above stated, he obligated himself, under such circumstances, to pay the lessor double rent and we do not see how this obligation can be avoided. The judgment is therefore affirmed.

*Affirmed.*

MATCHETT and O'CONNOR, JJ., concur.