Lau Neuy Fong, as Executrix of Ung Sun Hong, Deceased, Plaintiff, v. Philip A. Yablon, Defendant.

City Court of City of White Plains, December 19, 1966.

*Morton Sokol* for plaintiff. *Harry Zimmerman* for defendant.

Joseph A. Lichtenthal, J. In this action tried before me without a jury, brought by a landlord against the tenant for alleged breaches of a written lease, the landlord seeks recovery on six causes of action as follows: (1) For failure to pay rent for the months of May and June, 1964, in the amount of $430; (2) for breach of covenant against altering, marking, painting, drilling holes, and defacing of premises and failure to restore same to its original condition, for which the plaintiff was damaged in the sum of $1,428; (3) that since the tenant failed to restore the premises, plaintiff may recover damages against the tenant for his failure to do so; (4) for failure of tenant to pay water charges in the sum of $41.27; (5) because of defendant's failure to repair and restore the premises, plaintiff suffered the loss of rent for the month of July, 1964, in the sum of $215; (6) that under the clauses of the lease, the landlord is entitled to attorney's fees in the sum of $1,500.

After hearing the evidence in this case, I find that the tenant failed to pay rent for the months of May and June, 1964, in the sum of $430, that the cost to restore the premises to its original condition, ordinary wear and tear excepted, was the sum of $1,428; and I find that the tenant failed to pay the water bill in the sum of $41.27, and that the tenant is liable for landlord's attorney's fees in the sum of $900; and I find against the plaintiff in her fifth cause of action for her failure to prove the value of her alleged loss of rent for the month of July, 1964.

The defendant urges that, since there is no proof that the repairs were actually done, the plaintiff would not be entitled to recovery. The cases hold otherwise. (*Appleton* v. *Marx*, 191 N. Y. 81; *Tobin* v. *Union News Co.*, 18 A D 2d 243, 245; 1 McAdam, Landlord and Tenant [5th ed.], p. 458.) The defendant also urges that, since the alterations were originally installed during the term of the first lease rather than the second lease, there was no liability under the second lease. The law is otherwise. (*McGregor* v. *Board of Educ. of City of N. Y.*, 107 N. Y. 511; 1 Rasch, Landlord and Tenant, § 606, p. 507.)

I accordingly find in favor of the plaintiff in the sum of $2,799.27, less $430 security held by the plaintiff, leaving a net total amount for which plaintiff is entitled to judgment, for the sum of $2,369.27. The counterclaim is dismissed. Judgment is directed in accordance with decision.