■ SEYMOUR SCHWEBER, Respondent, v. SIDNEY BERGER et al., Appellants. — Order of the Supreme Court, Nassau County, dated May 4, 1966, modified, on the law and the facts, to the extent of (a) striking out its provisions which set aside the stipulation of settlement, declared a mistrial and directed that the case be placed on a stated Trial Calendar; and (b) reinstating the stipulation of settlement. As so modified, order affirmed, with $10 costs and disbursements. The findings of fact contained or implicit in the order which are inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the stipulation of settlement at bar brought into being a new contract (*Hegeman* v. *Conrad*, 1 A D 2d 788; *Bond* v. *Bond*, 260 App. Div. 781). As such, the stipulation will not be vacated except for reasons that suffice to invalidate a contract (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co.*, 247 N. Y. 435). No such grounds were established in the record before us. Moreover, we find the stipulation to be clear and unambiguous (cf. *Matter of Hecht*, 24 A D 2d 1001). However, neither party having requested that the stipulation be vacated, that question was not squarely before Special Term. If plaintiff desires to attack the validity of the stipulation, the proper remedy is to bring a plenary suit in equity to try out the issue of the circumstances under which the stipulation of settlement was made (*Yonkers Fur Dressing Co.* v. *Royal Ins. Co., supra*). Under the circumstances at bar, plaintiff ought to be afforded the opportunity to pursue that remedy if he be so advised. For these reasons, that part of the order which denied defendants' motion for leave to enter judgment based on the stipulation was properly made. But since we have held that, on the papers before us, the stipulation of settlement was a binding contract, defendant is entitled to have it enforced if none of the grounds for its vacatur, as above discussed, exist. Notwithstanding the provision in the stipulation that the court " shall retain jurisdiction of this matter for the purpose of enforcing " the agreement, since the learned Special Term Justice has, in the order under review, disqualified himself from further participation in the proceeding, it is our opinion that the enforcement of the stipulation, on these facts, requires a plenary action. Ughetta, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.