■ DONALD H. MYERS, Respondent, v. WILLIAM J. BERNARD, Defendant, and LOUIS VALENTE, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered April 14, 1971 in Schenectady County, which set aside a settlement agreed upon at a pretrial conference and restored the action to the General Trial Calendar. Stipulations of settlement, which do much to alleviate overburdened court calendars, are favored by the courts and will not be set aside absent a showing of such good cause as would invalidate a contract (*Schweber* v. *Berger,* 27 A D 2d 840; *Hegeman* v. *Conrad,* 1 A D 2d 788). No such basis has been demonstrated here. There is no proof of mutual mistake of a material fact (cf. *Wilson* v. *Shorewood Realty Corp.,* 101 N. Y. S. 2d 68, 70–71) and the mistaken impression gained by one party as to the ability of his adversary or adversaries to pay, in the absence of misrepresentation by such other party or parties, is no ground for rescinding the settlement (*Graham* v. *Meyer,* 99 N. Y. 611). The question of whether respondent's application was in proper form was not raised by the parties and was not passed upon here. Order reversed, on the law and the facts, and motion denied, without costs. Herlihy, P. J., Reynolds, Greenblott, Cooke and Simons, JJ., concur.

■ SWISS FOREST HOMEOWNERS ASSOCIATION, INC., Appellant, v. OLE OLSEN, LTD., Respondent.— Appeal from an order of the Supreme Court at Special Term, entered in the County of Sullivan on May 24, 1971, which dismissed the appellant's complaint upon the ground that the appellant as a membership corporation had no personal cause of action against the respondent and, accordingly, lacked standing to pursue the action. The record establishes that the appellant has no cause of action against the respondent, although its individual members may have causes of action against the respondent. The appellant contends that because the complaint concerns causes of action involving pollution or so-called " environmental wrongs " it is actually seeking to protect the public interest and should be permitted to maintain the action. However, upon the present record the respondent and the individual members of the appellant had such personal and direct relationships that the appellant cannot be considered as asserting causes of action for the protection of the public at large. The present record does not establish any reason for departing from the traditional concept that a plaintiff can have no cause of action unless it either has or will suffer injury as the result of acts by the defendant. The decision of Special Term correctly determined that the complaint should be dismissed. Special Term noted in its decision that many of the persons allegedly represented by the appellant have already commenced action against the defendant for the relief claimed in the complaint herein. Order affirmed, with costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.