■ TBS ENTERPRISES, INC., et al., Respondents, v DIME SAVINGS BANK OF NEW YORK, Appellant.—In an action, *inter alia,* to recover a commitment fee, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County, entered February 6, 1976, as denied its motion for summary judgment. Order modified, on the law, by adding to the first decretal paragraph thereof, after the word "denied", the following: "as to the counterclaim and granted as to the causes of action asserted in the complaint." As so modified, order affirmed insofar as appealed from, with $50 costs and disbursements to defendant. We construe condition No. 17 of the construction loan commitment, requiring that no building loan advances be made unless 50% of the unit homes are sold, to be a condition precedent to the construction loan closing. Such a construction is necessary in order to give meaning to all of the provisions of the contract (see *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342). Since the plaintiffs have not fulfilled the condition, despite two 90-day extensions granted by the defend-

ant, summary judgment should have been granted to the defendant as to the first cause of action. Condition No. 5 of the construction loan commitment presents no ambiguity. The provision clearly stated that the 2% commitment fee was "non-refundable". Such fees are not contrary to the public policy of this State (see *Boston Rd. Shopping Center v Teachers Ins. & Annuity Assn. of Amer.,* 13 AD2d 106, affd 11 NY2d 831) and constitute consideration for the agreement. Therefore summary judgment should also have been granted to the defendant as to the second and third causes of action. Hopkins, Acting P. J., Martuscello, Cohalan, Margett and Shapiro, JJ., concur.