**In the Matter of HYONG JIN KIM, Debtor.**

**Bankruptcy No. 80 B 11866.
Adv. No. 80–5431–A.**

United States Bankruptcy Court,
S. D. New York.

Nov. 10, 1981.

Chang M. Sohn, New York City, for debtor.

Stanley Cembalest, New York City, for Landlord.

## MEMORANDUM & ORDER

JOHN J. GALGAY, Bankruptcy Judge.

Under the aegis of this court, Francis Mandina and Joseph Mandina (the "Mandinas") and Hyong Jin Kim ("Kim") entered into a Stipulation of Settlement (the "Stipulation") dated December 31, 1980. Pursuant to § 1123 of the Bankruptcy Code, 11 U.S.C., Kim, a Chapter 11 Debtor-in-possession agreed to surrender his unexpired leasehold to the Mandinas according to conditions set forth in the presently contested Stipulation. Kim substantially performed his part of the Stipulation when he surrendered the leasehold to the Mandinas on January 23rd at 6:00 P.M. as agreed. The Mandinas allege however that since certain conditions were violated by Kim, they are entitled to void the Stipulation, thereby recovering the consideration held in escrow, and enabling them to revive their state court claims. They seek additional monetary damages of $24,500 for repairs to the leasehold and unrealized rent during the time of repair. This Court determines that the Stipulation remains in full force and effect. However, the Mandinas are entitled to $9,350 in damages as a result of Debtor's inadequate performance of condition 5 of the Stipulation.

A summary of events culminating in the adversary hearings of April 8th and 13th, 1979, is helpful to an understanding of the issues now before this Court. Kim, a retail fruit and vegetable merchant, entered into a lease agreement effective March 12, 1979 with the Mandinas for a term certain of ten years. The Mandinas leased Kim the first floor store and partial basement of a three story building in which the Mandinas themselves reside. Almost from the inception of Kim's tenancy, the Mandinas objected to Kim's use and treatment of the leasehold.

Therefore, they sought and obtained an eviction order in New York Civil Court on October 29, 1980. Execution of judgment was stayed under section 362 of the Bankruptcy Code following Kim's filing of an application for relief before this court on November 6, 1980. Subsequently, the Mandinas and Kim entered into the contested Stipulation. In essence it requires Kim to surrender the leasehold to the Mandinas on or before January 23, 1980. In consideration, $43,600 now held in escrow will be delivered to Kim. The escrow account represents various funding sources, including Kim's security deposit, Kim's pre-petition payment for damages, and the Mandinas[1] payment of consideration for the remaining term of the leasehold.

Kim surrendered his leasehold. However, the escrow funds were not delivered to Kim because the Mandinas seek to rescind the Stipulation alleging that Kim willfully caused substantial damage to the leasehold thus violating the Stipulation.

 In deciding that the Stipulation should remain in full force and effect but that the Mandinas are entitled to a measure of damages they seek, this Court determines that the breach of the Stipulation by Kim is not of such a substantial nature as to warrant its recission. The terms and composition of the Stipulation itself support this result. Condition 2 of the Stipulation reads: "The Escrow Funds shall be paid over . . . only upon condition that Kim vacates the premises . . . in broom clean condition by no later than 6:00 P.M. on January 23, 1981. . . ." Condition 7 states that recission is possible "[i]n the event that the Mandinas pay the Escrow Funds . . . and Kim does not vacate the premises in broom clean condition on or before 6 P.M. on January 23, 1981." The surrender of the leasehold is effected under section 1123 of the Bankruptcy Code, 11 U.S.C., which is concerned solely with the assumption or rejection of executory contracts and unexpired leases. The Stipulation itself and the un-

---

1. The term of a lease is an estate or interest that the lessee holds in the property itself.

*Young v. Drake,* 5 N.Y. 463 (1851); 33 N.Y. Jur., Landlord and Tenant, § 41 (1964).

derlying purpose of the Chapter 11 reorganization procedure indicate that surrender of the leasehold is the condition precedent [2] to the execution of the remaining conditions of the Stipulation. Kim substantially performed his part of the Stipulation when he vacated his leasehold on the determined date. Therefore, the condition precedent is satisfied and the Stipulation is not defeated. A stipulation, according to New York law (which applies here), is a contract (and defeated only by that which would defeat a contract). *Galasso v. Galasso*, 361 N.Y.S.2d 871, 872, 35 N.Y.2d 319, 20 N.E.2d 618 (1974); *Myers v. Bernard*, 326 N.Y.S.2d 279, 38 A.D.2d 619 (Sup.Ct.1971); *Schweber v. Berger*, 27 A.D.2d 840, 277 N.Y.S.2d 855 (Sup.Ct.1967); *Ressler v. Druck*, 40 Misc.2d 654, 243 N.Y.S.2d 552 (Sup.Ct.1963).

■ Recission is so drastic that it can only be justified by substantial breach that goes to the essence of the contract itself, "depriving one of the parties of the fruit of the agreement." *Fink v. Friedman*, 78 Misc.2d 429, 358 N.Y.S.2d 250, 259 (Sup.Ct. 1974). In the instant case, recission rather than enforcement of the Stipulation would deprive Kim of the "fruit of the agreement" since only the Mandinas have received the benefit of the bargain. Therefore, this Court as a court of equity, declines to rescind. Our reluctance is reinforced by the knowledge that in the instant case partial performance makes it impossible to return the parties to the status quo. *Holdeen v. Rinaldo*, 28 A.D.2d 947, 281 N.Y. S.2d 657, 661 (Sup.Ct.1967).

We briefly consider the term "broom swept" which appears in condition 2 of the Stipulation. This term will be given its plain meaning. Evidence was offered by a witness for the Debtor that the leasehold was left in broom swept condition at the time of its surrender. With nothing contrary offered by the Mandinas, this court finds that the premises were left in broom swept condition, as required by the Stipulation.

While sustaining the legal effect of the Stipulation this Court finds that condition 5 of the Stipulation which states that "Kim agrees to refrain from damaging the premises," has been breached. Therefore, the Mandinas are entitled to damages. In order to determine the extent of the damages to which the Mandinas are entitled, this court must consider New York State law and the terms of the Stipulation, including the fact that certain damages which were the subject of the prior civil court judgment are subject to automatic stay under § 362 of the Code.[3] and forever waived under the Stipulation. That many of the damages now claimed by the Mandinas were the subject of the prior state court proceeding is clear upon review of the Notice to Cure of November 7, 1979 and the New York State Civil Court Transcripts. These damages are properly excluded under the Code and the Stipulation itself.

■ The Stipulation while instructing Kim to refrain from damaging the premises also instructs that Kim "will remove *any and all* fixtures and equipment and trade fixtures." (emphasis added). The Mandinas now allege that the removal of trade and other fixtures caused serious damage to the leasehold. Ordinarily New York State fixture law proscribes the removal of plumbing and lighting fixtures by a lessee. *Jack Dowls Music Mart, Inc.*, 205 Misc. 852, 133 N.Y.S.2d 734 (1954); *In re City of New York*, 101 App.Div. 527, 92 N.Y.S. 8 (1st Dept.), *affd.* 182 N.Y. 281, 74 N.E. 840 (1905); *Regan v. Luthy*, 16 Daly 413, 11 N.Y.S. 709 (C.P.N.Y.1890). However, it is well settled that controlling principles regarding removal of trade fixtures may be altered by agreement between the parties. *People ex rel. Interborough Rapid Transit*

---

2. A condition precedent is a condition within a contract which gives meaning to the whole contract. Therefore, its breach would defeat a contract. *TSB Enterprises, Inc., v. The Dime Savings Bank of New York*, 55 A.D.2d 910, 390 N.Y.S.2d 581, 582 (Sup.Ct.1977).

3. 11 U.S.C. § 362 states that a petition in Bankruptcy acts as a stay of "(2) the enforcement against the debtor or against property of the estate of a judgment obtained before the commencement of the case under this title."

Co. v. O'Donnel, 202 N.Y. 313, 95 N.E. 762, 764 (1911); 23 N.Y.Jur., Fixtures, § 8 (1962). By both the Stipulation and a letter of June 1, 1981 of the Mandinas to this court, the parties specifically agreed that Kim was to remove all fixtures, trade or other, installed by him. Clearly, Kim was at liberty, if not obligated,[4] to remove fixtures not usually authorized in regular practice. Therefore the Mandinas are precluded from now objecting to the damages incidental to the removal of trade and other fixtures.

However, damage to the electrical system, to brick walls and tiles in part, to water closets, and front door frame have not been demonstrated by defendant to have resulted from removal of trade and other fixtures, nor were they the subject of the prior state court action. On the contrary, real evidence in the form of photographs, repair estimates and bills, and testimony of repair men who personally assessed the damage demonstrate the commission of waste by the tenant. Waste, under the scrutiny of a court of equity, has been defined as that which "a prudent man would not do in the management of his own affairs." Turner v. Wright, 2 De Gex, F & J, 234, cited in Agate v. Lowenbein, 57 N.Y. 604, 611 (1874). This Court finds that the evidence offered by the Mandinas demonstrate damage to the aforementioned items in violation of condition 5 of the Stipulation.

The measure of damages in New York State to a leasehold upon the termination of a lease is the reasonable cost of repairs. Appelton v. Marx, 191 N.Y. 81, 83 N.E. 563 (1908); See also Lau Neuy Fong v. Yablon, 52 Misc.2d 348, 275 N.Y.S.2d 625 (1966); Spring-Mercer Corporation v. Goodman, 126 Misc. 371, 213 N.Y.S. 500 (1st Dept. 1926). This court finds, on the basis of documentation before it concerning actual damages, that the Mandinas are entitled to $9,350 in damages, as well as to the payment of $538 in sewer fees still owed

them by the debtor. Following New York State law we disallow repayment of the rent allegedly lost while the leasehold was repaired. See Mudge v. West End Brewing Co., 145 App.Div. 28, 130 N.Y.S. 350 (3d Dept.), aff'd., 207 N.Y. 696, 101 N.E. 1112 (1911); Orkin's Fashion Stores, Inc. v. S. H. Kress & Co., 68 N.Y.S.2d 764 (Sup.Ct.1947), 34 N.Y.Jur., Landlord and Tenant, 486 (1964).

Finally, this court considers the Mandinas' allegation of willful, deliberate, malicious intent on the part of Kim. The relationship between the parties has been marked by controversy and continuous litigation. Thus, the Stipulation requires that the parties have no personal contact but rather act through counsel. The Stipulation will end the parties legal relationship and, it is hoped, the continuing controversy. The damages now before us result, in the main, from previously litigated issues and the Mandinas' insistence on removal of fixtures. Therefore, despite the graphic description of the condition of the leasehold, this court declines to find malicious intent on the part of Kim.

This court determines that the Stipulation remains in full force but that the amounts of $9,350 for damages and $538 in fees are owed to the Mandinas and are to be paid from the escrow funds. The remainder of the escrow account is to be immediately paid to Kim.

It is so ordered.

---

4. In Friedman v. Margiotta, 53 N.Y.S.2d 79 (1st Dept. 1949), damages were based in part on lessees' failure to remove all fixtures.