EVELYN B. BULGER, Individually and as Executrix of JAMES P. BULGER, Deceased, Respondent, v TRI-TOWN AGENCY, INC., et al., Defendants, and DRYDEN & GROTON CO-OP FIRE INSURANCE COMPANY, Appellant.

Third Department, June 29, 1989

## APPEARANCES OF COUNSEL

*Thaler & Thaler (Richard T. John* of counsel), for appellant.

*John W. Young (Alfred Paniccia, Jr.,* of counsel), for respondent.

## OPINION OF THE COURT

KANE, J. P.

On December 3, 1985, the mobile home in which plaintiff and her husband (hereinafter collectively referred to as the Bulgers) resided was destroyed by fire. At the time, a written fire insurance policy for the property had not yet been issued. Claiming that a valid oral contract for such insurance existed, plaintiff sought coverage from defendants Dryden & Groton Co-op Fire Insurance Company (hereinafter Dryden) and Tri-Town Agency, Inc. (hereinafter Tri-Town). Upon their refusal to issue a written policy, plaintiff commenced this action.* Discovery procedures ensued from which the following facts were elicited. In September 1985, the Bulgers contacted Tri-Town for the purpose of securing a homeowner's policy on their mobile home. According to Janice Ives, an employee of Tri-Town, she informed the Bulgers that she would attempt to

---

* After the fire but prior to commencement of this suit, plaintiff's husband died.

find a company to insure them. Ives stated at her examination before trial that it was Dryden she contacted and that she provided Dryden with certain additional information at its request. By memorandum dated November 19, 1985, Dryden informed Tri-Town that a policy could be issued. Ives testified that on November 25, 1985 she telephoned the Bulgers and told them that a policy could be issued. She also stated that she made it clear there would be no coverage until the Bulgers made a down payment and signed the application. Plaintiff denied ever receiving this call. Ives also testified that on December 2, 1985, she again called the Bulgers and repeated what she had told them in the first call. Plaintiff admitted receiving this call, but denied that Ives had conveyed any information other than that they were covered. Thus, the fire which took place the next day occurred without the signing of the application or a down payment being made.

Based on the above, Dryden moved for summary judgment dismissing the complaint arguing that plaintiff's property was never insured. Plaintiff's complaint alleged two causes of action; the first claiming breach of contract and the second alleging negligence for not obtaining coverage prior to the loss. Supreme Court granted Dryden's motion with respect to the negligence claim but denied it as to the breach of contract claim. Dryden has appealed.

■ In New York, oral contracts for insurance are valid as long as all of the elements essential for such a contract are satisfied (see, 68 NY Jur 2d, Insurance, §§ 580, 584, at 687-688, 690; see also, Bersani v General Acc. Fire & Life Assur. Corp., 36 NY2d 457, 460). Here, Dryden does not dispute that the usual requirements for a contract were satisfied (see, 68 NY Jur 2d, Insurance, § 671, at 778-779). However, it argues that its agent, Tri-Town, had further preconditions before a contract could be formed; namely, the down payment and signing of the application. Therefore, since these did not occur, there was no enforceable contract (see, TBS Enters. v Dime Sav. Bank, 55 AD2d 910, 911, affd 45 NY2d 859). It is true that Tri-Town's underwriting requirements specify that a down payment be made before there is a contract and that Ives claimed that she informed the Bulgers of the preconditions. However, plaintiff claimed that she and her husband were never informed of these preconditions. Therefore, in our view, there is a question of fact as to whether the preconditions were ever communicated to the Bulgers. Therefore, Supreme Court properly denied Dryden's motion with respect to the

breach of contract cause of action. In reaching this conclusion, we note that on a motion for summary judgment the facts are to be construed in a light most favorable to the nonmoving party and should be denied where there is any significant doubt whether a material issue of fact exists or if there is even arguably such an issue *(Bershaw v Altman,* 100 AD2d 642, 643).

■ We also reject Dryden's claim that Insurance Law § 2324 prohibits insurance coverage without prior payment. That statute permits temporary insurance contracts "if the premium applicable to the insurance shall be due and shall be paid for the time during which the insurance is in force" (Insurance Law § 2324 [d]). Contrary to Dryden's arguments, the statute does not state that a payment must actually be made before a contract is formed. Rather, the quoted language, in our view, creates a debt which an insurance agent cannot waive.

■ ■ We next address plaintiff's argument that Supreme Court erred in dismissing the negligence cause of action. Initially we note that while plaintiff did not cross-appeal, this court has the power to search the record and award summary judgment to a nonmoving party even where that party has not appealed *(see,* CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106, 111). Turning to the merits of plaintiff's claim, Supreme Court determined that Tri-Town was not negligent as a matter of law in not having obtained coverage for plaintiff prior to the loss and therefore Dryden as principal could not be found negligent. We disagree. Once Tri-Town agreed to try to obtain insurance for the Bulgers, it was obligated "to use reasonable care in the manner of executing it so as not to cause any injury to third persons * * * by reason of [its] having so left them without proper safeguard" (3 NY Jur 2d, Agency and Independent Contractors, § 287, at 108; *see, Jones v Archibald,* 45 AD2d 532, 535). Here, Dryden's November 19, 1985 memorandum informed Tri-Town that a policy could be issued. Ives testified that she called the Bulgers on November 25, 1985 to tell them this information and that she would prepare the necessary papers. Ives said she called again on December 2, 1985. Plaintiff contended that the first call was on December 2, 1985. Supreme Court held that these actions "were simply those of an agent preparing the paperwork * * * all within a two week time frame" and therefore, as a matter of law, Tri-Town's actions were reasonable and not negligent. However, there was no evidence

presented to the court as to what a reasonable amount of time was for the completion of such paperwork. Whether a person has acted reasonably is generally a factual question for a jury to resolve *(Andre v Pomeroy,* 35 NY2d 361, 364; *Ross v Ching,* 146 AD2d 55). In this case, whether Tri-Town acted in a reasonable manner after November 19, 1985 is a question of fact for the jury. If it was negligent, then Dryden, as Tri-Town's principal, is possibly liable *(see,* 3 NY Jur 2d, Agency and Independent Contractors, § 254, at 76). Therefore, the negligence cause of action should not have been dismissed.

WEISS, MIKOLL, LEVINE and MERCURE, JJ., concur.

Order modified, on the law, without costs, by reversing so much thereof as granted defendant Dryden & Groton Co-op Fire Insurance Company's motion for summary judgment dismissing plaintiff's second cause of action; that portion of said defendant's motion denied; and, as so modified, affirmed.